1 | Neal A. Potischman (SBN 254862)
Samantha Harper Knox (SBN 254427)
2 | DAVIS POLK & WARDWELL LLP
1600 El Camino Real
3 | Menlo Park, California 94025
Telephone: (650) 752-2000
4 | Facsimile: (650) 752-2111
neal.potischman@davispolk.com
5 | samantha.knox@davispolk.com

6 | *Attorneys for Defendant Intellicorp Records, Inc.*



E-FILED

2012 MAY 18 P 12: 58

RICHARD W. WICKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA



7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

NC

10 | JANE ROE, individually and on behalf of all
others similarly situated,

Case No.: CV 12 2567

11 |           Plaintiff,

**NOTICE OF REMOVAL OF ACTION
TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA**

12

13 |       v.

**[28 U.S.C. § 1331; CLASS ACTION
FAIRNESS ACT]**

14 | INTELLICORP RECORDS, INC., an Ohio
corporation, and DOES 1-50, inclusive,

15 |           Defendants.

Date of Filing: April 16, 2012 (in Alameda
County Superior Court, Case No.
16 | RG12625923)

17

18

19

20

21

22

23

24

25

26

27

28

1       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2 NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF

3 RECORD:

4       PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 1331, 1332(d), 1441, 1446,

5 and 1453, Defendant Intellicorp Records, Inc. ("Intellicorp"), with a full reservation of rights,

6 hereby removes to this Court the action entitled *Jane Roe v. Intellicorp Records, Inc.*

7 (RG12625923), previously filed in the Superior Court of the State of California for the County of

8 Alameda. The grounds for removal are as follows:

9       1.     On April 16, 2012, a civil action was commenced in the Superior Court of the State

10 of California for the County of Alameda, entitled *Jane Roe v. Intellicorp Records, Inc.*

11 (RG12625923). A true and correct copy of the Summons, Complaint, Alternative Dispute

12 Resolution package, Civil Case Cover Sheet, Proof of Service of Summons, and Notice of Hearing

13 is attached hereto as Exhibit A.

14       2.     The Summons, Complaint, Alternative Dispute Resolution package, Civil Case

15 Cover Sheet, Proof of Service of Summons, and Notice of Hearing attached hereto as Exhibit A

16 constitute all process, pleadings, and orders served upon Intellicorp in the state action to date.

17       3.     According to the Proof of Service of Summons, copies of the Summons, Complaint,

18 Alternative Dispute Resolution package, and Civil Case Cover Sheet were mailed to Intellicorp's

19 registered service agent on April 17, 2012, for service pursuant to Section 415.40 of the California

20 Civil Code of Procedure. Intellicorp's registered service agent received these materials by mail on

21 April 20, 2012.

22                            **JURISDICTION**

23       4.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because

24 it arises under the laws of the United States.

25       5.     Specifically, this action is a putative class action seeking, *inter alia*, statutory

26 damages, punitive damages, and attorneys fees for alleged violations of the Fair Credit Reporting

27 Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The FCRA is a federal statute. An "action to enforce any

28 liability created under [the FCRA] may be brought in any appropriate United States district court,

1

1  without regard to amount in controversy, or in any other court of competent jurisdiction." 15

2  U.S.C. § 1681p.

3       6.     This Court also has original jurisdiction over this action pursuant to the Class Action

4  Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). CAFA vests federal courts with

5  original jurisdiction over class actions in which (a) the number of members of all proposed plaintiff

6  classes in the aggregate equals or exceeds 100; (b) the amount in controversy exceeds $5,000,000;

7  and (c) any member of the putative class of plaintiffs is a citizens of a state different from any

8  defendant. *See* 28 U.S.C. § 1332(d); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th

9  Cir. 2007). This suit satisfies all of the requirements under CAFA for federal jurisdiction.

10       7.     CAFA's class size requirement is met because Plaintiff seeks to certify a nationwide

11  class that she alleges "is comprised of hundreds or thousands of consumers." (Compl. ¶ 61)

12  CAFA's amount in controversy requirement is met because Plaintiff seeks statutory damages of up

13  to $1,000 per violation for each of the potentially thousands of class members nationwide, as well

14  as punitive damages and attorneys' fees. (Compl. Prayer for Relief.) CAFA's minimal diversity

15  requirement is met because Intellicorp is a Delaware corporation with its principal place of business

16  in Beachwood, Ohio (Compl. ¶ 18), while Plaintiff, a member of the putative class, is "a resident of

17  California" (Compl. ¶ 16).[1] Thus, at least one member of the putative class of plaintiffs is a citizen

18  of a state different from the Defendant.

19       8.     None of the exceptions in 28 U.S.C. §§ 1332(d)(3), (4), (5), or (9) applies. Plaintiff

20  bears the burden of establishing the applicability of any exception to CAFA jurisdiction. *Serrano*,

21  478 F.3d at 1021-22.

22                  **PROCEDURAL STATEMENTS**

23       9.     This Notice of Removal is timely under 28 U.S.C. § 1446(b).

24       10.     As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders received by

25  Intellicorp in the state court action are included in <u>Exhibit A</u>, attached hereto.

26

27

28                            _____

---

[1] Intellicorp is identified as an Ohio corporation in the Complaint (Compl. ¶ 18). Intellicorp is a Delaware corporation headquartered in Beachwood, Ohio.

NOTICE OF REMOVAL

1    11.    As required by 28 U.S.C. § 1446(d), undersigned counsel certifies that a true and

2  correct copy of this Notice of Removal will be filed promptly with the clerk of the Superior Court

3  of the State of California for the County of Alameda.

4    12.    As required by 28 U.S.C. § 1446(d), undersigned counsel certifies that written notice

5  of the filing of this Notice of Removal will be given promptly to all parties and will be filed

6  promptly with the clerk of the Superior Court of the State of California for the County of Alameda.

7    13.    Intellicorp reserves the right to amend or supplement this Notice of Removal.

8    14.    By removing this matter, Intellicorp does not waive, and expressly preserves, any

9  and all defenses it may have.

10    WHEREFORE, Defendant Intellicorp removes the above-captioned action from the

11  Superior Court of the State of California for the County of Alameda to this Court for the reasons

12  stated above, or for any other reasons the Court deems necessary and proper.

13

14  Dated: _May 18, 2012_                      DAVIS POLK & WARDWELL LLP

15

16                                             By: _____
                                                   Neal A. Potischman (SBN 254862)
17
                                               1600 El Camino Real
18                                             Menlo Park, California 94025
                                               Telephone: (650) 752-2000
19                                             Facsimile: (650) 752-2111

20                                             *Attorney for Defendant Intellicorp Records, Inc.*

21

22

23

24

25

26

27

28

3

NOTICE OF REMOVAL

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

NJH / ALL
Transmittal Number: 9834570
Date Processed: 04/20/2012

| | |
|---|---|
| **Primary Contact:** | Jared Wolovnick<br>Insurance Services Office, Inc.<br>545 Washington Blvd<br>Jersey City, NJ 07310-1686 |

| | |
|---|---|
| **Entity:** | Intellicorp Records, Inc.<br>Entity ID Number 2153242 |
| **Entity Served:** | Intellicorp Records, Inc. |
| **Title of Action:** | Jane Roe vs. Intellicorp Records, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG12625923 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 04/20/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Nance F. Becker<br>415-381-5599 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 6 2012

CLERK OF THE SUPERIOR COURT

Kmel Dhillon Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
INTELLICORP RECORDS, Inc., an Ohio Corporation,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JANE ROE, individually and on behalf of all
others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es:) | RG12625923 |
| Superior Court of the State of California | |
| 1225 Fallon Street | |
| Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Nance F. Becker 99292                    Christian Schreiber 245597
Chavez & Gertler LLP                     (415) 381-5599
42 Miller Ave. Mill Valley CA 94941

DATE:  APR 1 6 2012          Clerk, by  Kmel Dhillon          , Deputy
(Fecha)                      (Secretario)                     (Adjunto)

Pat Sweeten

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Roe v. IntelliCorp

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Nance F. Becker   Bar No. 99292<br>Christian Schreiber   Bar No. 245597<br>Chavez & Gertler<br>42 Miller Ave. Mill Valley, CA 94941<br>TELEPHONE NO: (415) 381-5599  FAX NO: (415) 381-5572<br>ATTORNEY FOR *(Name):* Plaintiff | | **ENDORSED**<br>**FILED**<br>ALAMEDA COUNTY<br><br>APR 1 8 2012<br><br>CLERK OF THE SUPERIOR COURT<br>By_____ *Deputy* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME: Roe v. IntelliCorp Records, Inc.

**Kmel Dhillon** *Deputy*

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG12625923<br><br>JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br><br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br><br>**Non-PI/PD/WD (Other) Tort**<br>☑ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br><br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br><br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br><br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br><br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | *(Cal. Rules of Court, rules 3.400-3.403)*<br>☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br><br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br><br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br><br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* One
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: April 16, 2011

Nance F. Becker
*(TYPE OR PRINT NAME)*                                *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]   ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

1  CHAVEZ & GERTLER LLP
   Nance F. Becker (SBN# 99292)
2  Christian Schreiber (SBN# 245597)
   42 Miller Ave.
3  Mill Valley, CA 94941
   Phone: (415) 381-5599
4  Fax: (415) 381-5572
   nance@chavezgertler.com
5  christian@chavezgertler.com

6  THE LAW OFFICES OF DEVIN H. FOK
   Devin H. Fok (SBN #256599)
7  P.O. Box 7165
   Alhambra, CA 91802-7165
8  Phone: (310) 430-9933
   Fax: (323) 563-3445
9  devin@devinfoklaw.com

10 A NEW WAY OF LIFE REENTRY PROJECT
   Joshua E. Kim (SBN #257260)
11 958 E. 108th St.
   Los Angeles, CA 90059
12 Phone: (323) 563-3575
   Fax: (323) 563-3445
13 joshua@anewwayoflife.org

14 Attorneys for Plaintiff JANE ROE
   and the Proposed Class
15

16          SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      COUNTY OF ALAMEDA

18                    UNLIMITED JURISDICTION

19

20 JANE ROE, individually and on behalf of all )   Case No. RG12625923
   others similarly situated,                  )
21                                             )   CLASS ACTION COMPLAINT FOR
                   Plaintiff,                  )   VIOLATIONS OF THE FAIR CREDIT
22                                             )   REPORTING ACT, 15 U.S.C. § 1681 *et seq.*
          vs.                                  )
23                                             )
   INTELLICORP RECORDS, INC., an Ohio          )
24 corporation, and DOES 1-50, inclusive,      )   JURY TRIAL DEMANDED
                                               )
25                 Defendants.                 )           BY FAX
                                               )
26                                             )

27

28
                                              CLASS ACTION COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 8 2012

CLERK OF THE SUPERIOR COURT
By Kmel Dhillon
                Deputy

Plaintiff JANE ROE ("Plaintiff"), on behalf of herself and all similarly situated individuals, complains and alleges against Defendant INTELLICORP RECORDS, INC., and DOES 1-50, inclusive, ("IntelliCorp") as follows:

## NATURE OF THE ACTION

1.     Being convicted of a crime has dramatic consequences for an individual over and above any sentence or fine that may be imposed. Those consequences include discrimination, shame, and a daunting loss of employment opportunities. In job sectors like education or health and human services, state and federal law often disqualifies those with a criminal record.

2.     While rehabilitation remains a core goal of the criminal justice system, the most important judicial restoration remedies, such as expungement or sealing, are difficult to obtain. Even for eligible, capable, and motivated individuals, significant barriers stand in the way of reintegration into free society. Legal barriers to reintegration make it difficult to escape the lingering "collateral consequences" of a criminal conviction.

3.     These collateral consequences are undeniably harsh. But they are particularly pronounced when an individual's criminal record is illegally and incorrectly reported.

4.     Congress passed the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") to protect consumers from the harm caused by such reporting errors. The FCRA requires, among other things, that all "credit reporting agencies" ("CRAs") that report credit and conviction information to employers adopt and implement procedures that "assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

5.     Defendant IntelliCorp is a credit reporting agency that collects consumer information and sells "consumer reports" – i.e., background checks – to employers investigating job applicants. Among the services IntelliCorp markets to employers is an "Instant" background check that promises clients "instant information for employment screening and risk assessment." Its promotional material states, "With IntelliCorp, you have access to the most comprehensive and accurate data in the industry. **It's fast. It's easy. It's the best decision you can make.**" (Emphasis in original.)

1

6.    Plaintiff brings this action because, in fact, IntelliCorp's policies and procedures fail to meet the standard of accuracy and fairness mandated by the FCRA.

7.    When Plaintiff applied for a job, IntelliCorp provided her potential employer with outdated, incomplete and inaccurate information regarding her alleged criminal record; failed to provide timely notice that such information had been reported; and caused Plaintiff to be denied valuable employment opportunities. Among other things, IntelliCorp reported that Plaintiff had been arrested and charged with felony offenses, but it failed to report that those charges had been dismissed and legally expunged pursuant to Cal. Penal Code § 1203.4 (the "expungement statute").

8.    This inaccurate reporting was not an oversight that affected Plaintiff alone; instead, it arose due to IntelliCorp's failure to implement policies and procedures that ensure accurate and timely reporting of conviction and other consumer information, and fair notice to affected consumers. Rather than following the requirements of the FCRA, IntelliCorp relies on outdated and/or incomplete public records, which records do not provide a complete or up-to-date summary of an individual's criminal history.

9.    Some or all of IntelliCorp's unlawful conduct is attributable to its promise of "instant" results, which are incompatible with the accuracy requirements imposed on credit reporting agencies by the FCRA. Plaintiff is informed and believes, and on that basis alleges, that rather than conducting an individualized investigation of a consumer's criminal record at the time a background check is requested, IntelliCorp responds to its employer clients' requests on the basis of information collected in its internal databases. This information does not and by definition it cannot include the most timely and accurate information, as the FCRA requires.

10.    For example, in Los Angeles County (where Plaintiff's charges arose), an individual's up-to-date criminal record is available only through an in-person request at the clerk's office, or through the Superior Court's "LA eCourt Online" web service. To access criminal history information through LA eCourt Online, it is necessary to have a user name and password and to search by the name, Case Number, or other information specific to the individual of interest. Such a search cannot be done "instantaneously" in the manner that IntelliCorp

2

1 advertises. And, while the court also maintains a physical "index file" at one of its locations, that
2 file is limited to a summary of certain arrest records, and does not even purport to reveal the
3 disposition of the charges. Because IntelliCorp does not spend the time to conduct a more
4 thorough, timely investigation as required by the FCRA, IntelliCorp fails to investigate whether,
5 and to update its records when, charges are dismissed, individuals are acquitted, and/or an
6 individual's criminal conviction is expunged, resulting in the reporting of incorrect and/or
7 incomplete information about consumers' criminal convictions.

8      11.    The prejudice caused by such erroneous reporting is exacerbated by IntelliCorp's
9 failure to notify the consumer contemporaneously of the fact that criminal record information is
10 being sent to an employer. As a result, consumers who are entitled to receive copies of their
11 consumer report from IntelliCorp pursuant to section 1681k of the FCRA are deprived of full
12 disclosure, and unable to verify or dispute the accuracy of the information that IntelliCorp has
13 reported about them. IntelliCorp's practices harm consumers by prejudicing their prospective
14 employers and other users of the information with inaccurate, misleading and defamatory
15 information.

16      12.    Because of the broad and common impact of Defendant's wrongful practices,
17 Plaintiff sues pursuant to 15 U.S.C. § 1581p on behalf of consumers throughout the country who
18 have been the subject of similar prejudicial, misleading, and inaccurate criminal background
19 reports prepared by IntelliCorp. Because IntelliCorp's noncompliance was willful, Plaintiff and
20 class members are entitled to statutory damages provided for by the FCRA.

21 **JURISDICTION AND VENUE**

22      13.    The Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of
23 California, IntelliCorp does business and committed some of the wrongful acts alleged herein in
24 California, and Plaintiff suffered injury in California.

25      14.    Venue is appropriate in this judicial district because while IntelliCorp does
26 business in the State of California, it has not designated with the Secretary of State a principal
27 place of business within the State of California pursuant to Corporations Code § 2105(a)(3).
28 Accordingly, IntelliCorp may be sued in any County in California, including Alameda County.

15.    Plaintiff is informed and believes, and on that basis alleges, that IntelliCorp has provided background checks on individuals who reside in Alameda County and has committed the unlawful practices alleged herein against individuals who reside in Alameda County.

## THE PARTIES

16.    Plaintiff JANE ROE is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Los Angeles County, California. Plaintiff sues under a fictitious name in order to protect her privacy and prevent further injury to her reputation.

17.    Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

18.    Defendant INTELLICORP RECORDS, INC. is an Ohio corporation that conducts business throughout the United States, including throughout the State of California. IntelliCorp has its headquarters and principal place of business in Beachwood, Ohio.

19.    At all times pertinent hereto, IntelliCorp was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

20.    Defendants Does 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sues them under such fictitious names. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible for the harm alleged, and is jointly and severally liable to Plaintiff and the class on whose behalf she sues. Plaintiff will amend this complaint to state the true names and capacities of such fictitiously named defendants if and when they are ascertained.

21.    At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are, accordingly, jointly and severally liable to Plaintiff and the class.

## FACTUAL ALLEGATIONS

### Defendant's Obligations Under The FCRA

22.    The FCRA regulates the collection, maintenance, and disclosure of consumer information by CRAs, including public record information. The statute sets forth specific

4

1   requirements that CRAs that conduct background checks are required to follow. Among other
2   things, every CRA "shall maintain reasonable procedures designed to avoid" disclosure of
3   "adverse items of information" other than those set forth in 15 U.S.C. § 1681c (15 U.S.C. §
4   1681e(a)), and "shall follow reasonable procedures to assure maximum possible accuracy of the
5   information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

6          23.     CRAs who report information for employment purposes are obligated to make a
7   *contemporaneous* disclosure to the consumer, at the time the public record information is reported
8   to the employer or other user of the consumer report, of the fact that public record information is
9   being reported by the CRA, together with the name and address of the person to whom such
10  information is being reported. 15 U.S.C. § 1681k(a)(1).

11         24.     In the alternative, CRAs are required to "maintain strict procedures designed to
12  insure that whenever public record information which is likely to have an adverse effect on a
13  consumer's ability to obtain employment is reported it is complete and up-to-date." 15 U.S.C. §
14  1681k(a)(2). Information relating to legal matters including arrests and convictions is considered
15  "up-to-date" for these purposes only if it accurately reflects "the current public record status of
16  the item at the time of the report." 15 U.S.C. § 1681k(a)(2).

17         25.     A CRA that negligently fails to comply with those requirements is liable for actual
18  damages, litigation costs and attorneys' fees. 15 U.S.C. § 1681o. In addition, a CRA that
19  willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000
20  to each consumer injured, and for punitive damages. 15 U.S.C. § 1681n.

21                  **IntelliCorp's Unlawful Reporting Of Plaintiff's Information**

22         26.     Despite the clear and unambiguous requirements of the FCRA, IntelliCorp (1)
23  twice failed to notify Plaintiff contemporaneously of the fact that public record information about
24  her was being reported; (2) failed to maintain strict procedures designed to insure that such
25  information was complete and up-to-date; and (3) failed to utilize reasonable procedures to assure
26  maximum possible accuracy of the adverse information it reported to her potential employer.

27

28

5

27.     On or about March 1, 2005, Plaintiff was arrested and charged with one count of robbery (Cal. Pen. C. § 211) and one count of petty theft with a prior theft conviction (Cal. Pen. C. § 666) in connection with her companion's theft of several items from a Target store.

28.     On May 9, 2005, Plaintiff pleaded nolo contendere to one count of petty theft with a prior (Cal. Pen. C. § 666) and was given three years of probation. The robbery charges were dismissed.

29.     In or around March 2011, Plaintiff applied for a job with 5Life Ventures d.b.a. ComForCare Senior Services. At the time of her interview, the employer accessed IntelliCorp's online system and procured a consumer report from IntelliCorp. This report was a "consumer report" provided by IntelliCorp to the employer , and it contained adverse information about Plaintiff's criminal record. Plaintiff was not hired, and was not provided with a copy of her consumer report by the employer. IntelliCorp did not provide Plaintiff notice of the fact that it was reporting public record information about her either contemporaneously nor after the fact, nor did it subsequently send her a copy of the report it had made.

30.     By court order dated June 27, 2011 (the "Expungement Order"), Plaintiff's petty theft conviction was ordered dismissed pursuant to Cal. Pen. C. § 1203.4 by the Los Angeles County Superior Court, Southwest District. Pursuant to the Expungement Order, Plaintiff's plea of nolo contendere was withdrawn; a plea of not guilty was entered; the accusation, or charge, against her was dismissed; and Plaintiff was "released from all penalties and disabilities resulting from the offense of which … she has been convicted."

31.     In or about October, 2011, Plaintiff applied to Smart Choice Investments Inc. d.b.a. BrightStar ("BrightStar") for a caretaker position, and she appeared for an interview on or about October 20, 2011.

32.     BrightStar, like all California employers, are prohibited by the California Labor Code (Labor Code § 432.7) from inquiring of an employee about any arrest or detention that did not result in conviction.

6

CLASS ACTION COMPLAINT

33.     During the interview, BrightStar procured a background check report from IntelliCorp's online "Criminal SuperSearch" system (the "online system"). IntelliCorp furnished to BrightStar a consumer report, as defined by 15 U.S.C. § 1681a(d), about Plaintiff.

34.     During Plaintiff's interview with BrightStar, IntelliCorp, through its online system, reported criminal record information on Plaintiff's case and informed BrightStar that Plaintiff was charged with violating Cal. Pen. C. §§ 211 and 666. In total disregard of the Expungement Order, IntelliCorp's report disclosed both of the charges filed against Plaintiff, but failed even to disclose the critical information relating to the final disposition of the charges, including the fact that *all of the charges had been dismissed*. Rather, the most recent information reported about the charges was from 2005, when the initial arrest was made. That the information was neither timely nor complete is evident on the face of the report, which disclosed the following (the notation "[REDACTED]" has been added):

| RECORD 1 | | | |
|---|---|---|---|
| | Returned | Submitted | Comparison |
| SSN: | NOT PROVIDED | XXX-XX-7571 | Unable to Compare SSN |
| Name: | [REDACTED] | [REDACTED] | NAME MATCH – Check Middle Name |
| DOB: | 11/18/1979 | 11/18/1979 | EXACT DATE OF BIRTH MATCH |
| Gender: | ? | FEMALE | Gender Does Not Match |
| County: | LOS ANGELES | NOT PROVIDED | County Does Not Match |
| **Demographic Information** | | | |
| Race: | Unknown | | |
| State of Residence: | CA | | |
| **Case 1** | | | |
| Case Number: | [REDACTED] | | |
| File Date: | 03/16/2005 | | |
| Court ID: | SUPERIOR | | |
| Case Note: | CHARGE CODES: P 211 P 666, COURT DISTRICT Y | | |
| **Charge 1** | | | |
| Charge Description: | LOS ANGELES SUPERIOR COURT INDEX DATA | | |
| Disposition Date: | NOT PROVIDED | | |
| Disposition Description: | NOT PROVIDED | | |
| Sentence: | NOT PROVIDED | | |
| Offense Date: | NOT PROVIDED | | |

7

35.  Based on the adverse information reported by IntelliCorp, BrightStar refused to hire Plaintiff.

36.  Despite providing a report for employment purposes to BrightStar containing public record information likely to have an adverse effect upon Plaintiff's ability to obtain or maintain employment, IntelliCorp neither provided to Plaintiff the required notice that it was reporting the public record information, nor provided her with the name and address of the person to whom such information was being reported.

37.  In or around October 2011, Plaintiff requested from IntelliCorp a copy of all consumer reports furnished to any employer, at which time she first learned that IntelliCorp had furnished a consumer report to 5Life Ventures in March 2011.

### IntelliCorp's Unlawful Policies And Practices

38.  Plaintiff is informed and believes, and on that basis alleges, that IntelliCorp's failure to provide her prospective employer with timely and accurate information was not an isolated occurrence, but was the direct result of IntelliCorp's customary business practices. On information and belief, as a matter of nation-wide policy and practice, IntelliCorp regularly reports criminal records that have been expunged by court order, and also reports other information about individuals' criminal record history, which information is incomplete, outdated, or otherwise appears more serious than it actually is.

39.  According to IntelliCorp's website, its "Criminal SuperSearch" system "instantly produces a multi-state report of criminal records, which includes the District of Columbia. Each Criminal SuperSearch Report contains the information you need, including felony and misdemeanor records, sex-offender records, inmate records, and arrest information." *See* http://www.intellicorp.net/marketing/Screening_Services_CriminalSearches.aspx (last visited March 20, 2012).

40.  However, on a separate page entitled, "View our Criminal SuperSearch product components by state (PDF)," IntelliCorp admits that only "index" or "limited" criminal records information is available for many states. By definition, therefore, IntelliCorp's system, which discloses only "index" and "limited" data, cannot be "complete and up-to-date" as required by 15

8

1 U.S.C. § 1681k(a)(2). Nevertheless, IntelliCorp touts on its website that it is "FCRA Compliant."

2 *See* http://www.intellicorp.net/marketing/Resources_Compliance.aspx (last visited March 20,

3 2012).

4     41.   Because IntelliCorp's online system generates background check reports instantly

5 from its own internal databases at the time an employer or prospective employer requests it, there

6 is no opportunity for IntelliCorp to conduct an individualized search and verify from current

7 public records that the information reported is accurate, complete, and up-to-date before the report

8 is furnished to the employer or prospective employer.

9     42.   On information and belief, IntelliCorp also does not update its database, from

10 which consumer reports are generated, frequently enough to ensure that the information contained

11 therein is accurate, complete, and up-to-date as required by the FCRA.

12     43.   Plaintiff's case provides a compelling illustration of this problem. In response to

13 BrightStar's request, IntelliCorp's online system generated a background report based exclusively

14 on the Los Angeles County Court's "index data." IntelliCorp conducted no additional

15 investigation.

16     44.   Under California Government Code § 69842 and California Rule of Court

17 2.507(b), index files in California Superior Courts are only required to contain the minimum

18 information necessary "to insure ready reference to any action filed in the court."

19     45.   As a matter of policy and practice, the Los Angeles Superior Court, for example,

20 does not update the index file with any subsequent information about a case after recording the

21 initial case information, which is limited to: the name of each defendant; the initial charge(s); the

22 date the accusatory pleading was filed; the court where the case was filed; and the case number.

23 The ultimate disposition of the case is not recorded, and the index files will never reveal any

24 subsequent dismissal of the accusatory pleading, including dismissals pursuant to Penal Code §

25 1203.4.

26     46.   More up-to-date and complete information is contained in a separate file called

27 "register of actions," pursuant to California Government Code § 69845. The register includes "a

28 memorandum of every subsequent proceeding in the action," along with its date.

9

47. However, the Los Angeles Superior Court makes its index and register of actions files available to the public only in response to one of three types of requests: (1) a written request through the mail; (2) a request in person at the public counter in the courthouse; or (3) an individual and manual request through the court's on-line Criminal Defendant Name Index program (LA eCourt Online). The Court does not allow the public to access information contained in its index or register of actions electronically or otherwise outside these three interfaces. Further, the information disclosed on the LAeCourt Online website is limited to the charge(s), date of filing/disposition, and final disposition.

48. On information and belief, similar indexing systems are used by many courts throughout the country, including but not limited to Alameda Superior Court and other courts in California. According to IntelliCorp's website, in only *four states* – Arizona, Minnesota, Oklahoma, and Texas – does IntelliCorp's "Criminal SuperSearch" even purport to include criminal record information from both the Administrative Office of Courts and the County, and also from the Department of Corrections.

49. Because IntelliCorp's online system generates background check reports based on index files, without requesting the additional public information that is readily available, the reports by definition cannot be "complete and up-to-date" for purposes of the FCRA because the final disposition of a case – such as expungement or acquittal – is not disclosed.

50. IntelliCorp also does not update its database frequently enough to avoid omitting information necessary to make its reports complete and up-to-date.

51. Because IntelliCorp's online system generates background check reports "instantly" at the time an employer or prospective employer requests it, there is no opportunity for IntelliCorp to verify from current public records that the information reported is accurate, complete, and up-to-date before the report is furnished to the employer or prospective employer.

52. IntelliCorp is clearly aware that background check reports generated "instantly" cannot be accurate, complete, and up to date, because the database it uses to generate such reports does not contain accurate, complete, and up-to-date information on many criminal records,

10

1 including expunged records. The website of a newly-created joint venture

2 between backgroundchecks.com and IntelliCorp admits that:

3     Expungements are a problem for every company that holds a database of
    criminal history records. We know that courts are removing expunged records

4     from their databases. We know that some courts tell us when they do. But we
    also know that the majority of courts don't.

5

6 (http://www.expungementclearinghouse.org/consumer (last visited April 13, 2012).

7     53.    IntelliCorp's practices are not justified by business necessity. Many other large

8 background check companies do not provide background check reports instantly through online

9 queries. When a consumer background check is requested, those companies send "runners" to the

10 applicable courthouses to obtain complete criminal records on the specific case.

11     54.    IntelliCorp's policies and practices not only violate the FCRA as a matter of law,

12 but inflict serious consequences on consumers. Individuals with a criminal conviction must

13 overcome many hurdles to have the conviction expunged, and expungement is frequently sought

14 in order to avoid the serious limitations on employment opportunities. IntelliCorp's practices,

15 however, undermine the reintegration efforts of individuals motivated to improve themselves.

16 IntelliCorp's practices harm interstate commerce vitiate the public policies behind expungement

17 statutes, and flout the authority of the judges acting as stewards of these public policies.

18     55.    IntelliCorp's practices also inflict serious harm on individuals who are charged

19 with and later *acquitted* of crimes, as the reports it generates omit to report the disposition of the

20 case.

21     56.    IntelliCorp's practices make it particularly difficult for a consumer to determine

22 whether his or her information is being correctly reported. Because IntelliCorp's policy and

23 practice is not to make a contemporaneous disclosure of its report to the affected consumer, by the

24 time the consumer is made aware of an erroneous reporting, the damage has been done. The

25 employer (or prospective employer) has already received and relied on the erroneous information.

26 Plaintiff is informed and believes, and on that basis alleges, that IntelliCorp does not have any

27 system in place to provide consumers with a notice each time an employer procures a background

28 check.

11

57.    Despite its duty to notify the consumer contemporaneously of the fact that the criminal record information is being sent to the employer, to maintain strict procedures to assure that criminal record information is complete and up-to-date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information it sells to prospective employers, IntelliCorp has nonetheless willfully and with reckless disregard adopted and maintained a policy and practice that disregards these duties, in violation of the FCRA.

58.    IntelliCorp's failure to comply with the requirements of the FCRA caused actual harm to Plaintiff and other similarly-situated consumers, by damaging their reputations, depriving them of the ability to correct defamatory information, and interfering with their ability to obtain valuable employment opportunities.

## CLASS ACTION ALLEGATIONS

59.    IntelliCorp's practices and procedures described herein affected and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, and consumers who have been found not guilty of the charges leveled against them.

60.    Plaintiff brings this action individually and as a class action pursuant to California Code of Civil Procedure § 382 on behalf of the following persons:

> All natural persons within the United States who were the subject of a consumer report furnished to a third party by IntelliCorp for employment purposes, and whose report contained any negative public record of criminal arrest, charge, or conviction, during the five years preceding the filing of this action until final resolution of this action.

Such natural persons are hereinafter referred to collectively as the "Class," and the affected individuals are referred to collectively as "Class members."

61.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to IntelliCorp, Plaintiff is informed and believes and on that basis alleges that the Class is comprised of hundreds or thousands of consumers. IntelliCorp sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents,

12

CLASS ACTION COMPLAINT

1  produced by the same online system, practices and procedures applicable to all subjects of the
2  reports.

3      62.    The identities of the individual Class members should be readily ascertainable
4  from IntelliCorp's records.  Notice may be mailed to Class members using the public record
5  information in Intellicorp's files, as updated through the National Change of Address Registry.

6      63.    There is a significant community of interest among the Class members, as there are
7  questions of law and fact common to the Class that predominate over any questions affecting only
8  individual Class Members. Those questions include:

9      (a) whether IntelliCorp violated 15 U.S.C. § 1681k by failing to notify consumers
10      contemporaneously of the fact that criminal record information was being sent to
11      prospective employers;

12      (b) whether IntelliCorp violated 15 U.S.C. § 1681k by failing to maintain strict procedures
13      to assure that the criminal record information furnished to its customers is complete,
14      accurate, and up-to-date;

15      (c) whether IntelliCorp violated section 15 U.S.C. § 1681e(b) by failing to adopt, maintain
16      and follow reasonable procedures that assured maximum possible accuracy of the
17      information concerning the individuals about whom the report relates; and

18      (d) whether those violations were negligent, intentional, willful, or malicious.

19      64.    Plaintiff's claims are typical of the claims of the Class, which all arise from the
20  same operative facts and are based on the same legal theories.

21      65.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is
22  committed to vigorously litigating this matter and has no conflict with the Class.  Plaintiff has
23  secured counsel experienced in handling civil rights and consumer class actions.

24      66.    A class action is a superior method for the fair and efficient adjudication of this
25  controversy.  The interest of Class members in individually controlling the prosecution of
26  separate claims against IntelliCorp is small, as the maximum statutory damages recoverable by
27  any one Class member is limited to $1,000.00 under the FCRA.  Management of the Class claims
28

13

CLASS ACTION COMPLAINT

in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681e and 1681k**
**(on behalf of Plaintiff and the Class)**

67.     Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

68.     The FCRA enumerates several requirements for consumer reporting agencies that furnish consumer reports for employment purposes.

69.     Section 1681e of the FCRA provides, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

70.     15 U.S.C. § 1681k(a) provides in relevant part that a consumer reporting agency that furnishes a consumer report for employment purposes "and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall":

"(1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

"(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."

71.     In the ordinary and regular course of its business, IntelliCorp violates these provisions of the FCRA in at least the following ways:

(a)     Failing to notify consumers contemporaneously of the fact that criminal record information is being provided to their employers and prospective employers;

14

1   (b)    Failing to maintain strict procedures to assure that the information provided to
2   employers and prospective employers is complete and up-to-date; and
3   (c)    Failing to utilize procedures designed to assure maximum possible accuracy of the
4   adverse information sold to prospective employers.
5       72.    At all times pertinent hereto, IntelliCorp knew or should have known that its
6   policies and procedures were inadequate to protect the public and did not comply with the
7   requirements of the FCRA. IntelliCorp's violations were numerous, repeated, willful, malicious,
8   intentional, and in reckless disregard for federal law and the rights of the Plaintiff and Class
9   members.
10      73.    IntelliCorp's violation of the FCRA was willful within the meaning of 15 U.S.C. §
11  1681n. IntelliCorp is therefore liable to Plaintiff individually for her actual damages, statutory
12  and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this
13  action. IntelliCorp is liable to the Class for statutory and punitive damages, litigation costs, and
14  attorneys' fees incurred in the prosecution of this action.
15      74.    In the alternative, IntelliCorp was negligent, entitling Plaintiff individually to
16  recover her actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.
17      WHEREFORE, Plaintiff seeks relief as set forth below.
18  **PRAYER FOR RELIEF**
19  Plaintiff seeks judgment in favor of herself and the Class for the following:
20      1. An order certifying the proposed Class under Code of Civil Procedure § 382 and
21          appointing Plaintiff and her counsel to represent the Class;
22      2. Statutory damages in an amount not less than $100 and not more than $1,000 per
23          violation per Class member, pursuant to 15 U.S.C. § 1681n(a);
24      3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
25      4. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o;
26          and
27      5. Such other and further relief as may be just and proper.
28  Plaintiff also seeks judgment in favor of herself individually for the following:

15

CLASS ACTION COMPLAINT

6. Plaintiff's actual damages, in an amount to be determined by the trier of fact;

DATED: April 16, 2012

CHAVEZ & GERTLER LLP
THE LAW OFFICES OF DEVIN H. FOK
A NEW WAY OF LIFE REENTRY PROJECT

By: _Nance Becker_

Nance F. Becker
Attorneys for Plaintiff and the Proposed Class

16

CLASS ACTION COMPLAINT



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or .

- Agree to ADR at your Initial Case Management Conference.

QUESTIONS? Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o  **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o . **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

* *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035   Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br><br> TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY |
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: |
| DEFENDANT/RESPONDENT: |

| | |
|---|---|
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:        Time:        Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation      ☐ Judicial arbitration
   ☐ Private mediation     ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PLAINTIFF)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** Cal. Rules of Court, rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Page 2 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(c)(4)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nance F. Becker                              99292<br>Christian Schreiber                  245597<br>Chavez & Gertler<br>42 Miller Ave. Mill Valley, CA·94941<br>TELEPHONE NO.: (415) 381-5599   FAX NO. (Optional): (415) 381-5572<br>E-MAIL ADDRESS (Optional): nance@chavezgertler.com<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER:  Jane Roe | CASE NUMBER: RG12625923 |
|---|---|
| DEFENDANT/RESPONDENT: Intellicorp Records, Inc. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC Lawyers Incorporating Service

4. Address where the party was served:
   50 West Broad Street, Suite 1800
   Columbus, OH 43215
5. I served the party *(check proper box).*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Roe v. IntelliCorp

| PLAINTIFF/PETITIONER: Jane Roe | CASE NUMBER: RG 12625923 |
|---|---|
| DEFENDANT/RESPONDENT: Intellicorp Records, Inc. | |

5. c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: April 17, 2012    (2)   from *(city)*: Mill Valley, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)* :

  c. ☐ as occupant.

  d. [X] On behalf of *(specify)*: IntelliCorp Records, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Amanda Randall

  b. Address: 42 Miller Avenue

  c. Telephone number: (415) 381-5599

  d. The fee for service was: $

  e. I am:

    (1) [X] not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 04/17/12

Amanda Randall
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

ESSENTIAL FORMS™

Roe v. IntelliCorp



$7.000
US POSTAGE
FIRST-CLASS
FROM 94941
APR 17 2012
stamps.com

0030007749406

CERTIFIED MAIL

7011 1570 0001 1753 0656

CHAVEZ & GERTLER LLP
ATTORNEYS AT LAW
42 MILLER AVENUE
MILL VALLEY, CA 94941

CSC Lawyers Incorporating Service
50 West Broad Street Suite 1800
Columbus OH 43215-5910

LMS Packing Slip

# Package ID: 1818365

**Tracking Number:**          793481175756

**Package Recipient:**        Jared Wolovnick

**Recipient Company:**        Insurance Services Office, Inc.

**Recipient Address:**        545 Washington Blvd   Jersey City NJ
                              07310-1686 USA

**Phone Number:**             2014692979

## Package Contents:

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 9834570 | RG12625923 | Jane Roe vs. Intellicorp Records, Inc. |

┌ Chavez & Gertler LLP ⌐      ┌ Intellicorp Records, Inc. ⌐
  Attn: Becker, Nance F.
  42 Miller Avenue
  Mill Valley, CA   94941
└                         ⌐  └                              ⌐

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Roe | No. RG12625923 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Intellicorp Records, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 05/22/2012    TIME: 08:45 AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Case Management Conference:
DATE: 06/22/2012    TIME: 08:30 AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6937.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of
Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice
on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case
Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by emailing
them to the following address:
**EDelivery@alameda.courts.ca.gov**.  No fee is charged for this service.  For further information,

go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  04/17/2012                                    Executive Officer / Clerk of the Superior Court

                                    By

                                                                                Digital

                                                                                Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/17/2012.

                                    By

                                                                                Digital

                                                                                Deputy Clerk