**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANE ROE, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**INTELLICORP RECORDS, INC. ,**<br><br>Defendant. | **Case No.: 12-CV-02567 YGR**<br><br>**ORDER GRANTING MOTION OF DEFENDANT TO TRANSFER; AND DENYING AS MOOT MOTION TO DISMISS** |

Plaintiff Jane Roe brings this putative class action against Defendant Intellicorp Records, Inc. ("Intellicorp "), on behalf of all persons who were the subject of a negative consumer report prepared by Intellicorp for a prospective employer. Plaintiff brings one cause of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, alleging that Intellicorp (1) failed to notify consumers when it disclosed adverse public record information; and (2) failed to maintain adequate procedures to insure that such information would be complete, up-to-date, and accurate.

Defendant Intellicorp Records, Inc. has filed a Motion to Transfer this Action to the United States District Court for the Northern District of Ohio Pursuant to 28 U.S.C. § 1404.

Having carefully considered the papers and evidence submitted, and the pleadings in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Transfer.[1]

**I. BACKGROUND**

Intellicorp is a Delaware corporation, headquartered in Beachwood, Ohio, that offers background screening services. Complaint ¶¶ 5, 18. Its customers include employers who wish to

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.

1 investigate the criminal record history of job applicants. *Id.* ¶ 18. Intellicorp offers an online
2 database that produces a multi-state report of the criminal records associated with a particular
3 individual, as well as a report that collects criminal records held at the county level. *Id.* ¶ 39.

4       Plaintiff, a resident of Los Angeles County, was arrested in Los Angeles County on March
5 1, 2005 and charged with one count of robbery and one count of petty theft with a prior conviction.
6 *Id.* ¶ 27. The robbery charge was dismissed, and in May 2005, she pled *nolo contendere* to the
7 petty theft charge, and was sentenced to three years of probation by the Los Angeles County
8 Superior Court. *Id.* ¶¶ 28, 30.

9       In March 2011, Plaintiff applied for a job as a caretaker with 5Life Ventures d/b/a
10 ComForCare Senior Services ("ComForCare"). *Id.* ¶ 29. ComForCare obtained Plaintiff's
11 background report from Intellicorp. *Id.* The report contained "adverse information about
12 Plaintiff's criminal record." *Id.* ComForCare did not provide Plaintiff with a copy of her
13 background report, and Intellicorp did not notify Plaintiff that it had supplied ComForCare with the
14 report. *Id.* Plaintiff was not hired. *Id.*

15       In June 2011, Plaintiff obtained an "expungement order" from the Los Angeles County
16 Superior Court, pursuant to Penal Code § 1203.4. *Id.* ¶ 30. Pursuant to the expungement order, her
17 2005 conviction for petty theft was dismissed; her prior plea of *nolo contendere* was withdrawn; a
18 plea of not guilty was entered; the charge against her was dismissed; and Plaintiff was "released
19 from all penalties and disabilities resulting from the offense of which . . . she has been convicted."
20 *Id.*

21       In October 2011, Plaintiff applied for a job as a caretaker with Smart Choice Investments
22 Inc. d/b/a BrightStar ("BrightStar"). *Id.* ¶ 31. During her interview, BrightStar procured Plaintiff's
23 background report using Intellicorp's online system. *Id.* ¶ 33. Plaintiff alleges that the criminal
24 background report failed to account for the fact that her 2005 criminal conviction for theft was
25 expunged in 2011 because the background report indicated that charges were filed against Plaintiff
26 on March 16, 2005, but failed to disclose the final disposition of those charges. *Id.* ¶ 34. Based on
27 the adverse information reported by Intellicorp, BrightStar refused to hire her. *Id.* ¶ 35.

28

The Complaint alleges that Intellicorp has violated its obligations under the FCRA by (1) failing to notify consumers contemporaneously of the fact that it is disclosing adverse public record information; (2) failing to maintain strict procedures designed to insure that such information is complete and up-to-date; and (3) failing to utilize reasonable procedures to assure maximum possible accuracy of the adverse information it reports. Plaintiff seeks to certify a nationwide class of "[a]ll natural persons within the United States who were the subject of a consumer report" prepared by Intellicorp for a prospective employer that contained "any negative public record of criminal arrest, charge, or conviction, during the five years preceding the filing of this action until final resolution of this action." *Id.* ¶ 60.

Plaintiff filed this action in the Alameda County Superior Court on April 16, 2012. Defendant removed the action to this Court on May 18, 2012, pursuant to the Class Action Fairness Act. Defendant has filed a motion to transfer to the Northern District of Ohio where it is headquartered.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). The threshold inquiry is whether the action might have been brought in the transferee district. *See Hoffman v Blaski,* 363 U.S. 335, 343-44 (1960); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). If the action could have been brought in the potential transferee district, then the Court performs an individualized, case-by-case assessment of the convenience and fairness factors to determine whether the case should be transferred. *See Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir.1988); *Roberts v. C.R. England, Inc.*, 827 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011).

## III. DISCUSSION

Plaintiff does not dispute that the Northern District of Ohio is an appropriate forum for this action. Intellicorp is headquartered in the Northern District of Ohio, that court has subject matter jurisdiction over the claims, personal jurisdiction over the defendant, and venue would be proper there. Accordingly, the Court will focus on the convenience of the parties and the interest of justice.

Among the factors the court may consider are: (1) the plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the ease of access to sources of proof; (4) the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the familiarity of the forum with the applicable law; and (6) the relative court congestion and time to trial in each forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Roberts, supra*, 827 F. Supp. 2d at 1086-87. After consideration of these factors, the Court finds that transfer to the Northern District of Ohio is warranted.

### 1. *Plaintiff's choice of forum*

Normally a plaintiff's choice of forum is entitled to considerable deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). When, as here, the plaintiff does not reside in the forum, none of the alleged operative facts with respect to the plaintiff's claims occurred in this district, and the plaintiff acts as a representative of a nationwide rather than a statewide class action, that choice "is entitled to only minimal consideration." *Id*. Defendant has offered evidence that approximately 97 percent of the putative class of persons who were the subject of a negative consumer report prepared by Intellicorp for a prospective employer reside outside of California. *See* Carpenter Dec. ¶ 10. Thus, not only does Plaintiff not reside in this forum and none of the operative facts with respect to her claims occurred in this district, but 97 percent of putative class members in this action may not be California residents.

Based on the foregoing analysis, the Court finds that Plaintiff's choice of forum carries minimal weight in this analysis.

      *2.*  *Convenience of the parties*

    As to the convenience of the parties, the evidence submitted by Intellicorp does establish that the Northern District of Ohio is the more convenient forum. Intellicorp is headquartered in Beachwood, Ohio, which is in the Northern District of Ohio, and all but two of its employees work and reside there. Although Intellicorp does not identify its key witnesses or present a generalized statement of the expected testimony of its witnesses, it notes that all employees who could testify regarding Intellicorp's practices and procedures work and reside in the Northern District of Ohio. On the other hand, Plaintiff, who lives in Los Angeles County, lives closer to this district, and would be more inconvenienced by a transfer to Ohio, than if the case remained in this district. However, as noted above, Plaintiff filed this lawsuit as a nationwide class action and approximately 97 percent of the putative class members in this action may not be California residents.

  On balance, this factor weighs in favor of transfer.

      *3.*  *Ease of access to sources of proof*

    As to ease of access to sources of proof, this factor also favors transfer to the Northern District of Ohio. Much of the evidence likely to be relevant in this case–documents reflecting Intellicorp's corporate policies and procedures, as well as its primary computer servers–is located at Intellicorp's headquarters in Ohio. *See* Carpenter Dec. at ¶ 9; *see also Italian Colors Rest. v. Am. Express Co.*, Case No. C-03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Documents pertaining to defendants' business practices are most likely to be found at their principal place of business."). While technological developments have reduced the burden of retrieving and transporting documents, and diminished the weight of this factor in the transfer determination, this factor nonetheless weighs in favor of transfer. *See Patent Mgmt. Found., LLC v. Analog Devices, Inc.*, Case No. C-10-3630 SBA, 2011 WL 197831, at *4 (N.D. Cal. Jan. 20, 2011) ("the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located."). This factor weighs in favor of transfer.

5

*4. Contacts with the forum*

This case involves a potentially large class action award against a company headquartered in the Northern District of Ohio with no offices outside of the Northern District of Ohio. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996) ("Ohio has a strong interest in resolving a dispute involving an Ohio company"). None of the events Plaintiff complains of occurred in this district. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (additional considerations include the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty.") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Indeed, it appears that Plaintiff's only connection to this forum is that her trial counsel is located in this district. Accordingly, this factor weighs in favor of transfer.

*5. Familiarity with the law*

With respect to familiarity with Plaintiff's claims, because this case involves federal law, "either forum is equally capable of hearing and deciding those questions." *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d. 750, 757 (S.D.N.Y. 2000). On balance, this factor is neutral with respect to transfer to the Northern District of Ohio.

*6. Court congestion*

Courts also consider "the administrative difficulties flowing from court congestion." *See Decker Coal*, *supra*, 805 F.2d at 843. Defendant has submitted statistical data relevant to court congestion in both districts. Dkt. No. 14-2, Exs. A-B. The data, however, does not clearly indicate that one forum is more congested than the other. While this district has a higher volume of filings and a longer median time to trial, in 2011 judges in the Northern District of Ohio had more pending cases per judge. On balance, then, this factor is neutral with respect to transfer.

**IV. CONCLUSION**

The Court finds that a transfer to the Northern District of Ohio would serve the convenience of the parties and witnesses, and would promote the interests of justice. Only Plaintiff's choice of forum weighs against transfer. As noted, Plaintiff's choice of forum merits only minimal consideration in this analysis. The convenience of the witnesses, the ease of access to sources of

proof, and the interests of the respective forums all weigh in favor of transfer. Weighing considerably in favor of transfer is that this lawsuit has no connection to this district.

The Motion to Transfer is **GRANTED**.

The Court **ORDERS** this action be **TRANSFERRED** to the United States District Court for the Northern District of Ohio.

The pending Motion to Dismiss and Motion to Strike Class Claims, Dkt. No. 13, is **DENIED AS MOOT** in light of this Order. Defendant may re-file its motion after transfer to the Northern District of Ohio.

This order terminates Docket Nos. 13 and 14.

**IT IS SO ORDERED**.

Date: August 27, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

7