UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>INTELLICORP RECORDS, INC., an Ohio corporation,<br><br>             Defendant. | Case No. 1:12-CV-02288-JG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JANE ROE ("Plaintiff"), on behalf of herself and all similarly situated individuals, complains and alleges against Defendant INTELLICORP RECORDS, INC. ("IntelliCorp") as follows:

### NATURE OF THE ACTION

1. Congress passed the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") to protect consumers from the harm caused by inaccurate reporting. The FCRA

1        FIRST AMENDED CLASS ACTION COMPLAINT

requires, among other things, that all "credit reporting agencies" ("CRAs") that report criminal background information to employers adopt and implement procedures that "assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

2. Consumer reports furnished for employment purposes are subject to a heightened standard.  15 U.S.C. § 1681k requires that CRAs "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."  For these purposes, "items of public record relating to arrests, indictments, [and] convictions … shall be considered up to date if the current public record status of the item at the time of the report is reported."  *Ibid.*

3. IntelliCorp has a national policy and practice of furnishing incomplete consumer reports that are not updated with, *inter alia*, final disposition information such as dismissal, acquittal, or expungement.  IntelliCorp's refusal to comply with the FCRA stems from its practice of furnishing employers with a line of "instant" consumer reports that it acknowledges are incomplete at the time they are furnished.

4. Like the thousands of other class members she seeks to represent, Plaintiff is a victim of one of IntelliCorp's willful furnishings of an "instant" report to her potential employer.  By IntelliCorp's own admission, the consumer report it furnished to Plaintiff's potential employer was still "in process," and it failed to include the final disposition information for criminal charges against Plaintiff that had been dismissed and expunged.  Though IntelliCorp claims to have later provided an updated report to Plaintiff's potential employer a week later, the damage was done—IntelliCorp had already provided an incomplete and misleading picture of Plaintiff to her potential employer, and she was denied employment as a result.  IntelliCorp's

actions, and its national policy and practice, violate the FCRA.

## JURISDICTION AND VENUE

5. This action was filed in the Superior Court of California for the County of Alameda in April 16, 2012. The Superior Court had jurisdiction over Plaintiff's claims because Plaintiff is a resident of California, IntelliCorp does business and committed some of the wrongful acts alleged herein in California, and Plaintiff suffered injury in California.

6. IntelliCorp removed the case to the United States District Court for the Northern District of California pursuant to the "Class Action Fairness Act," 28 U.S.C. § 1331, on May 18, 2012. The Northern District granted IntelliCorp's motion to transfer the matter to this Court pursuant to 28 U.S.C. § 1404 on August 27, 2012. The case was transferred into the Northern District of Ohio on September 11, 2012.

## THE PARTIES

7. Plaintiff JANE ROE is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Los Angeles County, California. Plaintiff sues under a fictitious name in order to protect her privacy and prevent further injury to her reputation.

8. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

9. Defendant INTELLICORP RECORDS, INC. is a Delaware corporation that conducts business throughout the United States. IntelliCorp has its headquarters and principal place of business in Beachwood, Ohio.

10. At all times pertinent hereto, IntelliCorp was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

//

//

//

**FACTUAL ALLEGATIONS**

**Defendant's Obligations Under The FCRA**

11. The FCRA regulates the collection, maintenance, and disclosure of consumer information by CRAs, including public record information.  The statute sets forth specific requirements that CRAs conducting background checks are required to follow.  Among other things, every CRA "shall maintain reasonable procedures designed to avoid" disclosure of "adverse items of information" other than those set forth in 15 U.S.C. § 1681c (15 U.S.C. § 1681e(a)), and "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

12. CRAs who report information for employment purposes are obligated to make a *contemporaneous* disclosure to the consumer, at the time the public record information is reported to the employer or other user of the consumer report, of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681k(a)(1).  Such notice must, at a minimum, include the information set forth in the Federal Trade Commission ("FTC") regulations published at http://www.ftc.gov/os/2004/11/041119factaapph.pdf.

13. In the alternative, CRAs are required to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up-to-date."  15 U.S.C. § 1681k(a)(2).  Information relating to legal matters including arrests and convictions is considered "up-to-date" for these purposes only if it accurately reflects "the current public record status of the item at the time of the report."  15 U.S.C. § 1681k(a)(2).

14. A CRA that willfully fails to comply with those requirements is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages.  15 U.S.C. § 1681n.

### IntelliCorp's Unlawful Reporting Of Plaintiff's Information

15. Despite the clear and unambiguous requirements of the FCRA, IntelliCorp (1) twice failed to notify Plaintiff contemporaneously of the fact that public record information about her was being reported; (2) failed to maintain strict procedures designed to insure that such information was complete and up-to-date; (3) failed to utilize reasonable procedures to assure maximum possible accuracy of the adverse information it reported to her potential employer; and (4) furnished consumer reports to Plaintiff's potential employers that were inaccurate and materially misleading because they did not contain complete and up to date information about her criminal background.

16. On or about March 1, 2005, Plaintiff was arrested and charged with one count of robbery (Cal. Pen. C. § 211) and one count of petty theft with a prior theft conviction (Cal. Pen. C. § 666) in connection with her companion's theft of several items from a retail store.

17. On May 9, 2005, Plaintiff pleaded nolo contendere to one count of petty theft with a prior (Cal. Pen. C. § 666) and was given three years of probation.  The robbery charge was dismissed.

18. In or around March 2011, Plaintiff applied for a job with 5Life Ventures d.b.a. ComForCare Senior Services ("5Life Ventures").  The employer accessed IntelliCorp's online system and procured a consumer report from IntelliCorp.  This report was a "consumer report" as defined by 15 U.S.C. § 1681a(d) provided by IntelliCorp to the employer, and it contained adverse information about Plaintiff's criminal record.  Plaintiff was not provided with a copy of her consumer report by the employer.  IntelliCorp did not provide Plaintiff notice of the fact that

it was reporting adverse public record information about her either contemporaneously nor after the fact, nor did it subsequently send her a copy of the report it had made.

19. The consumer report that IntelliCorp provided to 5Life Ventures was inaccurate because it did not report that the robbery charge against Plaintiff had been dismissed.

20. It was not until in or around December 2011, when Plaintiff requested from IntelliCorp a copy of all consumer reports furnished to any employer, that she first learned that it was IntelliCorp that had furnished a consumer report to 5Life Ventures in March 2011.

21. By court order dated June 27, 2011 (the "Expungement Order"), Plaintiff's petty theft conviction was ordered dismissed pursuant to Cal. Pen. C. § 1203.4 by the Los Angeles County Superior Court, Southwest District. Pursuant to the Expungement Order, Plaintiff's plea of nolo contendere was withdrawn; a plea of not guilty was entered; the accusation, or charge, against her was dismissed; and Plaintiff was "released from all penalties and disabilities resulting from the offense of which … she has been convicted."

22. In or about October 2011, Plaintiff applied to Smart Choice Investments Inc. d.b.a. BrightStar ("BrightStar") for a caretaker position, and she appeared for an interview on or about October 20, 2011.

23. During the interview, BrightStar procured a background check report from IntelliCorp's online "Criminal SuperSearch" system (the "online system"). IntelliCorp furnished to BrightStar a consumer report, as defined by 15 U.S.C. § 1681a(d), about Plaintiff.

24. During Plaintiff's interview with BrightStar, IntelliCorp, through its online system, reported criminal record information on Plaintiff's case and informed BrightStar that Plaintiff had been charged with violating Cal. Pen. C. §§ 211 and 666. In total disregard of the Expungement Order, IntelliCorp's report disclosed both of the charges filed against Plaintiff, but failed to disclose the critical information relating to the final disposition of the charges, including

the fact that *all of the charges had been dismissed*. Rather, the most recent information reported about the charges was from 2005, when the initial arrest was made. That the information was neither timely nor complete is evident on the face of the report, which disclosed that further investigation was "in process" and reported the following information (the notation "[REDACTED]" has been added):

| **RECORD 1** | | | |
|---|---|---|---|
| | **Returned** | **Submitted** | **Comparison** |
| SSN: | NOT PROVIDED | XXX-XX-7571 | Unable to Compare SSN |
| Name: | [REDACTED] | [REDACTED] | NAME MATCH – Check Middle Name |
| DOB: | 11/18/1979 | 11/18/1979 | EXACT DATE OF BIRTH MATCH |
| Gender: | ? | FEMALE | Gender Does Not Match |
| County: | LOS ANGELES | NOT PROVIDED | County Does Not Match |
| **Demographic Information** | | | |
| Race: | Unknown | | |
| State of Residence: | CA | | |
| **Case 1** | | | |
| Case Number: | [REDACTED] | | |
| File Date: | 03/16/2005 | | |
| Court ID: | SUPERIOR | | |
| Case Note: | CHARGE CODES: P 211 P 666, COURT DISTRICT Y | | |
| **Charge 1** | | | |
| Charge Description: | LOS ANGELES SUPERIOR COURT INDEX DATA | | |
| Disposition Date: | NOT PROVIDED | | |
| Disposition Description: | NOT PROVIDED | | |
| Sentence: | NOT PROVIDED | | |
| Offense Date: | NOT PROVIDED | | |

25. Based on the adverse information reported by IntelliCorp, BrightStar refused to hire Plaintiff.

26. Despite furnishing a consumer report for employment purposes to BrightStar containing public record information likely to have an adverse effect upon Plaintiff's ability to obtain or maintain employment, IntelliCorp neither provided to Plaintiff the required notice that

7                    FIRST AMENDED CLASS ACTION COMPLAINT

it was reporting the public record information, nor provided her with the name and address of the person to whom such information was being reported.

## IntelliCorp's Unlawful Policies And Practices

27. IntelliCorp's failure to provide her prospective employer with timely and accurate information was not an isolated occurrence, but was the direct result of IntelliCorp's nation-wide business practices. As a matter of nation-wide policy and practice, IntelliCorp regularly reports criminal records that do not include the final disposition of the charges, including whether the individual was acquitted, was convicted of fewer or lesser charges, and whether the charges have been expunged by court order, and also reports other information about individuals' criminal record history, which information is inaccurate and materially misleading because it is incomplete, outdated, or otherwise appears more serious than it actually is. This unlawful reporting results from IntelliCorp's "instant" reporting of criminal background information, and its furnishing of partial consumer reports prior to the time that its investigation of the consumer is completed.

28. According to IntelliCorp's website, its Criminal SuperSearch system "instantly produces a multi-state report of criminal records, which includes the District of Columbia. Each Criminal SuperSearch Report contains the information you need, including felony and misdemeanor records, sex-offender records, inmate records, and arrest information." *See* http://www.intellicorp.net/marketing/Screening_Services_CriminalSearches.aspx (last visited October 16, 2012). Though IntelliCorp admits that it relies on "limited" criminal records information IntelliCorp touts on its website that its Criminal SuperSearch product is "FCRA Compliant." *See* http://www.intellicorp.net/marketing/Resources_Compliance.aspx (last visited October 16, 2012).

8  FIRST AMENDED CLASS ACTION COMPLAINT

29. Because IntelliCorp's online system generates background check reports instantly from its own internal databases at the time an employer or prospective employer requests it, there is no opportunity for IntelliCorp to conduct an individualized search and verify from current public records that the information reported is accurate, complete, and up-to-date before the report is furnished to the employer or prospective employer.

30. IntelliCorp also does not update its database, from which consumer reports are generated, frequently enough to ensure that the information contained therein is accurate, complete, and up-to-date as required by the FCRA. IntelliCorp admits that it is obligated to "remove derogatory information from your background report" if it is "outdated or cannot be verified."

31. Plaintiff is further informed and believes, and on that basis alleges, that IntelliCorp does not provide contemporaneous notice that it is providing public record information to an employer, as required by 15 U.S.C. § 1681k(a)(1), when it provides online Criminal SuperSearch reports for employment purposes.

32. Plaintiff's case provides a compelling illustration of IntelliCorp's violation of the FCRA. In response to BrightStar's request for an "instant" consumer report, IntelliCorp's online system generated and furnished BrightStar with a background report based exclusively on the Los Angeles County Court's "index data." IntelliCorp was aware that more up-to-date and complete information is available from Los Angeles Superior Court files, but such files were not accessed in creating the "instant" report furnished to her employer.

33. Because IntelliCorp's online system furnishes "instant" background check reports based on records that do not include complete and up-to-date disposition information, without requesting and reporting the additional public information that is readily available, such reports by definition cannot be "complete and up-to-date" for purposes of the FCRA..

34. Such procedures are not reasonably designed to assure "maximum possible accuracy" and are outdated and incomplete by design.

35. IntelliCorp is clearly aware that background check reports generated "instantly," cannot be accurate, complete, and up to date, because the database it uses to generate such reports does not contain accurate, complete, and up-to-date information on many criminal records, including expunged records. The website of a newly-created joint venture between backgroundchecks.com and IntelliCorp admits that:

> Expungements are a problem for every company that holds a database of criminal history records. We know that courts are removing expunged records from their databases. We know that some courts tell us when they do. But we also know that the majority of courts don't.

(http://www.expungementclearinghouse.org/consumer (last visited April 13, 2012).

36. IntelliCorp's practices are not justified by business necessity. Many other large background check companies do not provide background check reports instantly through online queries. When a consumer background check is requested, those companies conduct and complete individualized searches including sending "runners" to the applicable courthouses to obtain complete criminal records on the specific case prior to furnishing any criminal background information to the employer.

37. IntelliCorp's policies and practices not only violate the FCRA as a matter of law, but inflict serious consequences on consumers. Individuals with a criminal conviction must overcome many hurdles to have the conviction expunged, and expungement is frequently sought in order to avoid the serious limitations on employment opportunities. IntelliCorp's practices, however, undermine the reintegration efforts of individuals motivated to improve themselves by reporting "results" for convictions even after expungement has been decreed. IntelliCorp's

practices harm interstate commerce vitiate the public policies behind expungement statutes, and flout the authority of the judges acting as stewards of these public policies.

38. IntelliCorp's practices also inflict serious harm on individuals who are charged with and later *acquitted* of crimes, as well as individuals who are convicted of fewer or less serious charges than those of which they are initially charged or indicted, as the reports it furnishes omit the disposition of the case.

39. IntelliCorp's practices make it particularly difficult for a consumer to determine whether his or her information is being correctly reported. Because IntelliCorp's policy and practice is not to make a contemporaneous disclosure of its report to the affected consumer, by the time the consumer is made aware of an erroneous reporting, the damage has been done. The employer (or prospective employer) has already received and relied on the erroneous information. Plaintiff is informed and believes, and on that basis alleges, that IntelliCorp does not have any system in place to provide consumers with the statutorily-required notice each time an employer procures an "instant" background check.

40. Despite its duty to notify the consumer contemporaneously of the fact that the criminal record information is being sent to the employer, to maintain strict procedures to assure that criminal record information is complete and up-to-date, and to utilize procedures designed to assure maximum possible accuracy of the criminal record information it sells to prospective employers, IntelliCorp has nonetheless willfully and with reckless disregard adopted and maintained a policy and practice that disregards these duties, in violation of the FCRA.

41. IntelliCorp's failure to comply with the requirements of the FCRA causes actual harm to Plaintiff and other similarly-situated consumers, by damaging their reputations, depriving them of the ability to correct defamatory information, and interfering with their ability to obtain valuable employment opportunities.

## **CLASS ACTION ALLEGATIONS**

42. IntelliCorp's practices and procedures described herein affected and continue to affect Plaintiff and other consumers whose criminal charges have been dismissed or expunged, or who have obtained similar post-conviction relief, consumers who have been found not guilty of the charges leveled against them, and consumers who have been convicted of lesser offenses than those of which they were initially accused.

43. Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following persons:

> All natural persons within the United States who were the subject of a Criminal SuperSearch or other "instant" consumer background report, furnished to a third party by IntelliCorp for employment purposes, and whose report contained any negative public record of criminal arrest, charge, or conviction without also disclosing the final disposition of the charges, during the five years preceding the filing of this action through the date class certification is granted.

Such natural persons are hereinafter referred to collectively as the "Class," and the affected individuals are referred to collectively as "Class members."

44. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to IntelliCorp, Plaintiff is informed and believes and on that basis alleges that the Class is comprised of thousands of consumers. IntelliCorp sells criminal history record information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same online system, practices and procedures applicable to all subjects of the reports.

45. The identities of the individual Class members are readily ascertainable from IntelliCorp's records. A review of the consumer reports furnished by IntelliCorp to employers before its investigation was completed, and which were subsequently updated with different information, will define the Class. Notice may be mailed to Class members using the public

record information in IntelliCorp's files, as updated through the National Change of Address Registry.

46. There are questions of law and fact common to the Class regarding IntelliCorp's business policies and practices, which issues are susceptible of common proof. Those questions include:

(a) whether IntelliCorp violated 15 U.S.C. § 1681k(a)(1) by failing to notify consumers contemporaneously of the fact that criminal record information was being sent to prospective employers;

(b) whether IntelliCorp violated 15 U.S.C. § 1681k(a)(2) by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date;

(c) whether IntelliCorp violated section 15 U.S.C. § 1681e(b) by failing to adopt, maintain and follow reasonable procedures that assured maximum possible accuracy of the information concerning the individuals about whom the report relates; and

(d) whether those violations were intentional, willful, or malicious.

47. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

48. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has no conflict with the Class. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

49. Certification is appropriate pursuant to Rule 23(b)(3). A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against IntelliCorp is small, as the maximum statutory damages recoverable by any one Class member is limited to $1,000.00 under

the FCRA. Plaintiff is unaware of any litigation concerning the controversy already begun by or against class members. Management of the Class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases. Finally, because Plaintiff's claims arise under a federal statute and IntelliCorp's practices uniformly affect thousands of consumers around the country, a national class action will ensure fair, equitable, and uniform treatment of all consumers subjected to IntelliCorp's practices.

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681e(b) and 1681k(a)
### (on behalf of Plaintiff and the Class)

50. Plaintiff realleges and incorporates each of the foregoing paragraphs as though fully set forth herein.

51. The FCRA enumerates several requirements for consumer reporting agencies that furnish consumer reports for employment purposes.

52. Section 1681e(b) of the FCRA provides, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

53. 15 U.S.C. § 1681k(a) provides in relevant part that a consumer reporting agency that furnishes a consumer report for employment purposes "and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall":

> "(1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

"(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."

54. In the ordinary and regular course of its business, IntelliCorp violates these provisions of the FCRA in at least the following ways:

(a) Failing to notify consumers contemporaneously of the fact that criminal record information is being provided to their employers and prospective employers, including failing to ensure that consumers receive all of the information required by the notice regulations issued by the FTC and/or the Consumer Finance Protection Bureau;

(b) Failing to maintain strict procedures to assure that the information provided to employers and prospective employers is complete and up-to-date; and

(c) Failing to utilize procedures designed to assure maximum possible accuracy of the adverse information sold to prospective employers.

55. At all times pertinent hereto, IntelliCorp knew or should have known that its policies and procedures were inadequate to protect the public and did not comply with the requirements of the FCRA. IntelliCorp's violations were numerous, repeated, willful, malicious, intentional, and in reckless disregard for federal law and the rights of the Plaintiff and Class members.

56. IntelliCorp's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n. IntelliCorp is therefore liable to Plaintiff and the Class for statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action. IntelliCorp is also liable to Plaintiff individually for her actual damages, statutory and punitive damages, litigation costs, and attorneys' fees incurred in the prosecution of this action.

57. In the alternative, IntelliCorp was negligent, entitling Plaintiff individually to recover her actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff seeks judgment in favor of herself and the Class for the following:

1. An order certifying the proposed Class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and appointing Plaintiff and her counsel to represent the Class;

2. Statutory damages in an amount not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5. Such other and further relief as may be just and proper.

Plaintiff also seeks judgment in favor of herself individually for the following:

6. Plaintiff's actual damages, in an amount to be determined by the trier of fact.


DATED:  October 24, 2012         CHAVEZ & GERTLER LLP
                                 THE LAW OFFICES OF DEVIN H. FOK
                                 A NEW WAY OF LIFE REENTRY PROJECT

                            By:        /s/ Nance F. Becker
                                 Nance F. Becker  (admitted *pro hac vice*)
                                 CHAVEZ & GERTLER LLP
                                 42 Miller Ave.
                                 Mill Valley, CA 94941
                                 Phone: (415) 381-5599
                                 Fax: (415) 381-5572
                                 nance@chavezgertler.com

                                 Attorneys for Plaintiff and the Proposed Class

*Additional Attorneys for Plaintiff JANE ROE and the Proposed Class*

CHAVEZ & GERTLER LLP
Christian Schreiber (Cal. Bar # 245597) (admitted *pro hac vice*)
42 Miller Ave.
Mill Valley, CA 94941
Phone: (415) 381-5599
Fax: (415) 381-5572
christian@chavezgertler.com

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (Cal. Bar #256599) (admitted *pro hac vice*)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (Cal Bar #257260) (admitted *pro hac vice*)
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org