UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JANE ROE, :
: CASE NO. 1:12-CV-2288
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 70]
INTELLICORP RECORDS, INC., :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  The defendant in this Fair Credit Reporting Act case moves for a protective order covering documents that it says could cause commercial or competitive harm if disclosed. [Doc. 70.] The motion is unopposed. Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity. *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party"). Thus, in the Sixth Circuit, courts approach protective order motions with a presumption in favor of public access to judicial records. *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Case No. 1:12-CV-2288
Gwin, J.

Moreover, the fact that the protective order is unopposed does not overcome this presumption. *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of particular information would cause serious harm. *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80. Here, the movant fails to meet this standard. Instead, it provides a non-exhaustive list of documents that it claims "carr[y] the potential to harm Intellicorp both commercially and competitively by providing confidential information to Intellicorp's competitors as well as to competing customers." [Doc. 70, at 3.] Further, the movant asks for blanket authority to designate documents as confidential that they themselves deem warrant such status. [*Id.*] However, Intellicorp has failed to show that public disclosure of any information might cause serious harm or is otherwise warranted.

The movant may move to seal individual documents provided that the requisite particularized showing is made. For example, upon a proper motion, the Court will consider limiting public disclosure of information that is highly sensitive or considered a trade secret. However, the Court will not simply grant the movant blanket authorization to cloak the entire case under a veil. The

Case No. 1:12-CV-2288
Gwin, J.

Court thus **DENIES** the motion for a protective order.

    IT IS SO ORDERED.


Dated: December 12, 2012                *s/     James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE