# EXHIBIT F

Confidential - Pursuant to Protective Order

Page 1

```
1              UNITED STATES DISTRICT COURT
2               NORTHERN DISTRICT OF OHIO
3
4   JANE ROE, individually and on      )
    behalf of all others similarly     )
5   situated,                          )
                                       )
6              Plaintiffs,             )
                                       )
7       vs.                            )  No. 1:12-cv-02288-JG
                                       )  Pages 1 - 129
8   INTELLICORP RECORDS, INC., an      )
    Ohio corporation and DOES          )
9   1-50, inclusive,                   )
                                       )
10             Defendants.             )
                                       )
11
12
13        **CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER**
14           VIDEOTAPED DEPOSITION OF MAURICE GEYEN
15                  LOS ANGELES, CALIFORNIA
16                  MONDAY, FEBRUARY 4, 2013
17
18
19
20
21
22  REPORTED BY:
    LESLIE L. WHITE
23  CSR NO. 4148
    JOB NO.: 56991
24
25
```

Confidential - Pursuant to Protective Order

Page 5

1   LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 4, 2013
2                      10:05 a.m.
3                        -oOo-
4       THE VIDEOGRAPHER:  This is the start of DVD
5   labeled No. 1, the videotaped deposition of Maurice
6   Geyen, taken in the matter of Jane Roe v.
7   IntelliCorp Records, Inc. filed in the United States
8   District Court for the Central District of
9   California, Case No. 1:12-cv-2288.
10          This deposition is being held at 1800
11  Century Park East, Los Angeles, California on
12  February 4th, 2013 at approximately 10:06 a.m.
13          My name is Brent Jordan from TSG
14  Reporting, Inc.  I'm the legal video specialist.
15  The court reporter is Leslie White in association
16  with TSG.
17          Will counsel please identify themselves
18  for the record.
19      MS. ELBERT:  Lauren Elbert and Samantha Knox
20  from Davis Polk for the defendant IntelliCorp
21  Records.
22      MR. SCHREIBER:  Christian Schreiber from Chavez
23  & Gertler on behalf of Jane Roe, the plaintiff.
24      THE VIDEOGRAPHER:  Will the court reporter
25  please swear in the witness.

Confidential - Pursuant to Protective Order

Page 6

1  MAURICE GEYEN,
2  the witness herein, having been
3  first duly sworn, was examined
4  and testified as follows:
5
6  EXAMINATION
7  BY MS. ELBERT:
8      Q    All right.  So, Mr. Geyen, thank you again
9  for coming today, especially from such a long
10 distance.
11     I'm Lauren Elbert.  This is my colleague
12 Samantha Knox, and we represent IntelliCorp Records
13 in connection with the lawsuit that has been filed
14 against them.
15     Have you ever been deposed before?
16     A    Yes.
17     Q    Okay.  And what were the circumstances of
18 that case?
19     A    I don't remember.
20     Q    A long time ago?
21     A    Yeah, it was a long time ago.  I know I
22 have been deposed.
23     Q    Okay.  Well, you might remember some of
24 these basic ground rules.  I'm just going to go over
25 them with you briefly.

Confidential - Pursuant to Protective Order

Page 8

1  clarify it for you. If you don't, I'm going to
2  assume that you understand the question.
3         All right?
4  A    Yes.
5  Q    Is there anything that might prevent you
6  from testifying truthfully today?
7  A    No.
8  Q    All right. Do you understand that you
9  were subpoenaed to appear for a deposition this
10 morning?
11 A    Yes.
12 Q    Okay. If I can have -- the court reporter
13 is going to hand you an exhibit marked Defendants'
14 Exhibit 15.
15        Do you recall seeing this Subpoena before?
16        (Exhibit 15 was marked for
17         identification by the Reporter.)
18    THE WITNESS: Yes.
19 BY MS. ELBERT:
20 Q    And do you understand that you're
21 testifying today on behalf of Smart Choice
22 Investments, Inc., doing business as BrightStar?
23 A    Yes.
24 Q    And if you turn to the last page of the
25 Subpoena you'll see a list of topics as part of

Confidential - Pursuant to Protective Order

Page 56

1  check. Because typically, if you have -- you know,
2  let's say you have a common name like Mary Smith.
3  When you do a background check, you might get a
4  hundred matches.
5      Q    Uh-huh.
6      A    It would be unfair to that person. So we
7  ask for as much detailed information, so we can run
8  a criminal background check, and if there's a match
9  it's for the particular person that has applied for
10 the job.
11     Q    Okay. Do you know who would have
12 performed the criminal background check on
13 Ms. Hilliard?
14     A    Most likely Claudine. She probably ran
15 the actual report.
16     Q    Okay, if I can see the report. This will
17 be Exhibit 18.
18          (Exhibit 18 was marked for
19          identification by the Reporter.)
20 BY MS. ELBERT:
21     Q    Do you recognize this document, Mr. Geyen?
22     A    Yes.
23     Q    Okay. And if you look down that second
24 box of information under "Order Information," there
25 is a "User Name: May, Dolores."

1   is listed?
2       A    That's correct.
3       Q    Okay.  So if you turn ahead to the last
4   page of this exhibit under, "California Criminal
5   Record," you'll see that there is some criminal
6   information included there.
7       A    Yes.
8       Q    You testified earlier that candidates who
9   have criminal information turn up on their
10  background report will be contacted with the results
11  of that search.
12           Is this the type of criminal information
13  that you were referring to?
14      A    Yes.
15      Q    Okay.  Do you know whether Ms. Hilliard
16  was contacted after this background search turned up
17  this criminal information?
18      A    Yes.
19      Q    Do you know who contacted her?
20      A    I know we sent her a letter.
21      Q    Do you know whether anybody -- anybody
22  called her at any time regarding this criminal
23  background search report?
24      A    I don't know if we initiated a call.  I
25  know that we had a conver- -- that my office had a

Confidential - Pursuant to Protective Order

Page 62

1  A    My understanding is that she communicated
2  it, and then her attorney communicated it.
3  Q    Okay. Did Ms. LaFourche -- did
4  Ms. LaFourche speak to you following her phone
5  conversation with Ms. Hilliard about her criminal
6  background report?
7  A    Yes.
8  Q    And do you recall what she told you about
9  the conversation, if anything?
10 A    Beginning with -- she sent a standard
11 rejection letter because we had information on the
12 background. She received a call from the applicant
13 saying that her -- that that should not disqualify
14 her from the job because the information had been
15 expunged.
16      She explained, "Well, the information is
17 still on the report," and we received a letter from
18 an attorney, like the next day.
19      And if we get a letter from an attorney,
20 I'm obviously going to be contacted by the office,
21 and then I got involved immediately.
22 Q    Okay. Are we up to 19?
23      (Exhibit 19 was marked for
24      identification by the Reporter.)
25 ///

Confidential - Pursuant to Protective Order

Page 63

1  BY MS. ELBERT:
2      Q    Mr. Geyen, I believe court reporter has
3  provided you with Defendants' Exhibit 19.
4           Do you recognize this document?
5      A    Yes.
6      Q    And what do you recognize this document to
7  be?
8      A    Standard letter Miyoshi would send out if
9  there was something that prevented us from
10 processing an application, in this case the
11 background information.
12     Q    Okay. When you said a "standard letter,"
13 would a letter like this be sent to any candidate
14 that you rejected?
15     A    For a background check, yes.
16     Q    Would the letter be different if the
17 candidate was rejected for a reason other than a
18 background check issue?
19     A    Yes.
20     Q    And how would it differ?
21     A    It would provide the -- based on your
22 background, for instance, it might have something
23 about experience, if the person has absolutely no
24 experience as a caregiver.
25     Q    Okay. So A few minutes ago when we were

Confidential - Pursuant to Protective Order

1  REPORTER'S CERTIFICATE

2  OF

3  CERTIFIED SHORTHAND REPORTER

4

5  * * * * * * *

6

7

8  I, THE UNDERSIGNED CERTIFIED SHORTHAND REPORTER, IN
9  AND FOR THE STATE OF CALIFORNIA, DO HEREBY CERTIFY:
10 THAT THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME
11 AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH
12 TIME THE WITNESS WAS PUT UNDER OATH BY ME; THAT THE
13 TESTIMONY OF THE WITNESS AND ALL OBJECTIONS AT THE
14 TIME OF THE PROCEEDINGS WERE RECORDED
15 STENOGRAPHICALLY BY ME AND WERE THEREAFTER
16 TRANSCRIBED UNDER MY DIRECTION; THAT THE FOREGOING
17 IS A TRUE RECORD OF THE TESTIMONY AND OF ALL
18 OBJECTIONS MADE AT THE TIME OF THE PROCEEDINGS.

19

20

21 IN WITNESS WHEREOF, I HAVE SUBSCRIBED MY NAME ON:

22

    DATE: February 14, 2013.

23

24  _____

25  LESLIE L. WHITE, CSR NO. 4148