# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# FOR THE EASTERN DIVISION

| | |
|---|---|
| **JANE ROE, individually and on behalf of all others similarly situated,** | CASE NO. 1:12CV2288 |
| | JUDGE JAMES S. GWIN |
| **Plaintiff,** | |
| v. | **DEFENDANT INTELLICORP RECORDS, INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO CLASS CERTIFICATION MOTION** |
| **INTELLICORP RECORDS, INC.,** *et al.*, | |
| **Defendants.** | |

Defendant Intellicorp Records, Inc. respectfully moves this Court for a one-week extension of time until March 11, 2013, to file its response to Plaintiff Jane Roe's Motion for Class Certification (ECF No. 79). The requested extension of time is necessary because Plaintiff's motion for class certification substantially changed the proposed class definition, which in effect operated as a third amendment to the complaint.

## FACTUAL BACKGROUND

In Plaintiff's original complaint, filed in California state court on April 16, 2012, the proposed class was defined as:

> All natural persons within the United States who were the subject of a consumer report furnished to a third party by IntelliCorp for employment purposes, and whose report contained any negative public record of criminal arrest, charge, or conviction, during the five years preceding the filing of this action until final resolution of this action. (Compl. ¶ 60.)

On October 24, 2012, in response to Defendant's motion to strike the class allegations, Plaintiff amended her complaint to substantially revise the class definition as follows:

> All natural persons within the United States who were the subject of a Criminal

SuperSearch or other "instant" consumer background report, furnished to a third party by IntelliCorp for employment purposes, and whose report contained any negative public record of criminal arrest, charge, or conviction without also disclosing the final disposition of the charges, during the five years preceding the filing of this action through the date class certification is granted. (First Am. Compl. ECF No. 54 ¶ 43.)

On February 4, 2013, Plaintiff amended her complaint a second time (with Court approval) to remove her claim for compensatory damages. (Second Am. Compl. ECF No. 77, p. 16.) That amendment did not change the class definition.

Finally, on February 18, Plaintiff filed her motion for class certification. In that motion, Plaintiff has substantially revised her class definition yet again. It now purports to include a multi-tiered group of plaintiffs:

> All consumers in the U.S. with respect to whom, during the period April 16, 2007 through the date class certification is granted, Intellicorp furnished for employment purposes both a Criminal SuperSearch report and a report based on a Single County Criminal or other records-based search; whose Criminal SuperSearch report included results for criminal history; and whose Criminal SuperSearch report was inaccurate for one or more of the following reasons:
>
> (1) The Criminal SuperSearch report showed "results," but a subsequent Single County Criminal or other court record search showed "no results."
>
> (2) The Criminal SuperSearch reported one or more criminal charges without a disposition, but a subsequent Single County Criminal or other court record search showed a disposition other than "conviction" or "guilty."
>
> (3) The Criminal SuperSearch reported a higher level of offense (felony or misdemeanor) for one or more criminal charges, but a subsequent Single County Criminal or other court record search showed a lower level of offense (misdemeanor or infraction). (Plaintiff's Mem. of Points & Auth. in Supp. of Class Cert. & Approval of Class Counsel, ECF No. 79-1, p. 3.)

Plaintiff's motion attached the declaration of a proposed computer "expert" asserting that members of this class can be identified by searching Defendant's computer database.  (Decl. of Henk Valk in Supp. of Plaintiff's Mot. for Class Cert., ECF No. 79-27.)

**GOOD CAUSE FOR THE REQUESTED RELIEF**

Prior to receiving Plaintiff's motion, Intellicorp had expended substantial time preparing a legal and factual opposition to class certification based on the class definition that has been in place for almost four months (since October 24, 2012).  That work included preparing responses to the expected arguments by Plaintiff as to the predominance of common versus individual issues, as well as the feasibility, practicability, and burden involved in identifying and managing the proposed class.

Since receiving Plaintiff's motion for class certification on February 18 (it was filed at 10:10 pm), Defendant has worked diligently to change course.  The class now limits class membership to those individuals as to which certain criminal background information was "inaccurate," and further asserts that such inaccuracy can be determined by whether "one or more" of three wholly-new and fact-specific sets of circumstances exist, and that members of the new class can be readily identified.

Plaintiff's new class definition does not remedy the fundamental defects that made class certification inappropriate under the prior class definition.  It will, however, require a revised analysis to demonstrate those defects to the Court most effectively in the context of the newly defined class.  That will include revisions to the factual and legal arguments opposing class certification, including further factual investigation regarding items such as the feasibility, practicability, and burden involved in identifying and managing the proposed class.  Defendant does not object to Plaintiff's revision of

- 3 -

the class definition per se – at a minimum, this third revision would decrease the number of individuals in the putative class – but requests a short extension of time to respond to the motion.

Counsel for Intellicorp has contacted Plaintiff's counsel, who stated that they do not oppose an extension, though they do not agree with the need for it, subject to obtaining an equivalent one-week extension of time to file a reply. As a professional courtesy, Defendant would not object to such an extension.

For the foregoing reasons, this Court should grant Intellicorp an extension of time until March 11, 2013, to respond to Plaintiff's motion for class certification. Intellicorp does not object to extending Plaintiff's time to reply until March 25. However, if the Court determines that Plaintiff's request for a corresponding extension of time is unwarranted, Intellicorp respectfully requests that its motion for an extension be considered separately.

- 5 -

Date: February 22, 2013            Respectfully submitted,

                                         /s/ David H. Wallace
                                         David H. Wallace (0037210)
                                         dwallace@taftlaw.com
                                         Gregory J. O'Brien (0063441)
                                         gobrien@taftlaw.com
                                         Taft Stettinius & Hollister LLP
                                         200 Public Square, Suite 3500
                                         Cleveland, OH 44114-2302
                                         Telephone: 216.241.2838
                                         Fax: 216.241.3707

                                         Joel M. Cohen (pro hac vice)
                                         joel.cohen@davispolk.com
                                         Gina Caruso (pro hac vice)
                                         gina.caruso@davispolk.com
                                         Davis Polk & Wardwell LLP
                                         450 Lexington Avenue
                                         New York, NY 10017
                                         Telephone: 212.450.4000
                                         Facsimile: 212. 701.5800

                                         Attorneys for Defendant
                                         Intellicorp Records, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2013, a true and correct copy of the foregoing document was filed electronically. Notification of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     Respectfully submitted,

                                       /s/ David H. Wallace
                                       One of the Attorneys for Defendant

72434451