# EXHIBIT U

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLICORP RECORDS, Inc., an Ohio corporation,<br><br>Defendant. | Case No.: 1:12-cv-02288-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Greg White<br><br>Defendant Intellicorp Records, Inc.'s Response to Plaintiff Jane Roe's Second Set of Requests for Production of Documents |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Intellicorp Records, Inc. ("Intellicorp") submits these responses and objections to Plaintiff's Second Set of Requests for Production to Intellicorp ("the Requests"), dated December 3, 2012. Intellicorp reserves the right to modify or supplement these responses.

## PRELIMINARY STATEMENT

Intellicorp's responses to the Requests are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and the like, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Further, no incidental or implied admissions are intended in these responses. That Intellicorp has responded to all or any part of a Request should not be taken as an admission that Intellicorp accepts or admits the existence of any fact(s) set forth or assumed by that Request or that Intellicorp's response constitutes admissible evidence. That Intellicorp has responded to all or any part of a Request also is not intended to be, and shall not be, a waiver by Intellicorp of all or any part of its objection(s) to that Request.

Intellicorp makes these responses without waiving its right to: (1) object to the admissibility into evidence of these responses or the documents produced; (2) object to further discovery related to subject matters already encompassed within Plaintiff's interrogatories; (3) supplement its objections in the event additional pretrial preparation results in the discovery of additional grounds for such objections; or (4) revise, correct, add to, clarify, or supplement its responses.

Intellicorp has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Intellicorp's right to produce evidence of any subsequently discovered facts, documents or information and thus modify, change, or amend its responses given below.

## GENERAL OBJECTIONS

The following general objections apply to, and are hereby incorporated by reference in, each of the specific responses below. Intellicorp's failure to repeat expressly these general objections in each response shall not be deemed to waive them. Moreover, Intellicorp's specification of one or more objections in any given response is not intended to preclude the applicability of any of the general objections.

1.  Intellicorp objects to the Requests, Form of Production Instructions, and Definitions to the extent they purport to impose burdens or obligations on Intellicorp that are broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Ohio ("Local Rules"), the Case Management Order entered on November 9, 2012, or any other applicable law.

2.  Intellicorp objects to each Request to the extent it seeks, or could be construed to seek, documents or information protected from disclosure by any applicable privilege or immunity, including attorney-client privilege, the attorney work product protection, the joint-defense or common-interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality.

3.  Intellicorp objects to each Request to the extent it is overbroad, unduly burdensome, or oppressive.

4.  Intellicorp objects to each Request to the extent it seeks documents and/or information that is not relevant to any claim or defense of any party in this action, not relevant to the subject matter involved in this litigation, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

5.  Intellicorp objects to each Request to the extent it is vague, ambiguous, contains terms that are insufficiently defined, or fails to describe the information sought with reasonable particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

6.  Intellicorp objects to each Request to the extent it seeks discovery of information that is unreasonably cumulative or duplicative, publicly available, or obtainable from third parties or other sources equally accessible to Plaintiffs.

7.  Intellicorp objects to each Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Intellicorp's responses are not intended to be, and shall not be construed as, an admission that any such factual predicate is accurate.

8.  Intellicorp objects to each Request to the extent that it seeks the discovery of electronically stored information ("ESI") that is no longer available from a readily accessible database or other active electronic file, but might exist in some electronic archive or back-up files of Intellicorp that are not readily accessible.

9.  Intellicorp objects to each Request to the extent it fails to specify any time limitation or is otherwise overly broad in temporal scope on the grounds that such areas of inquiry and requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In responding and objecting to the Requests, Intellicorp interprets "present" to mean December 3, 2012, the date on which Plaintiff served the Requests on Intellicorp.

10. Intellicorp objects to each Request to the extent that it seek the production of proprietary, commercially sensitive or other confidential information, the disclosure of which would cause competitive injury to Intellicorp.

## OBJECTIONS TO DEFINITIONS

1.  Intellicorp objects to Definition 2 of "YOU, YOUR or DEFENDANT" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to require Intellicorp to contact, or obtain documents from, third parties outside the control of, or unknown to, Intellicorp, including, without limitation, affiliates, parent corporations, customers, and employees, agents and affiliates of customers. The

4

responses to the Requests are given on behalf of, and with respect to, Intellicorp Records, Inc. and its employees only.

2. Intellicorp objects to Definition 5 of "CRIMINAL BACKGROUND REPORT" as vague, ambiguous, overbroad, and unduly burdensome. Intellicorp will interpret "CRIMINAL BACKGROUND REPORT" to mean "consumer report" as defined in 15 U.S.C. § 1681a(d)(1)(B).

3. Intellicorp objects to Definition 9 of "IDENTITY" as overbroad and unduly burdensome, including to the extent it calls for information not within Intellicorp's custody, control, or posession.

4. Intellicorp objects to Definition 10 of "ADVERSE INFORMATION" as vague and ambiguous, including because the referenced statute, 15 U.S.C. § 1681k(a), does not define or contain the term "ADVERSE INFORMATION."

## OBJECTIONS TO FORM OF PRODUCTION INSTRUCTIONS

1. Intellicorp objects to Form of Production 1 as unduly burdensome and oppressive to the extent it imposes requirements in addition to or different from those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K to the Local Civil Rules of the United States District Court for the Northern District of Ohio, including to the extent it requires documents to be produced in "NATIVE FORMAT." Intellicorp will produce documents in PDF or TIFF format, as required by Appendix K, and as previously agreed upon by the parties. Intellicorp also objects to Form of Production 1 to the extent it calls for the production of "all 'METADATA' associated with applications that created the documents," and requires all Electronically Stored Information ("ESI") to "be produced with an index and be logically unitized." These requests exceed the requirements of Rules 26 and 34 of the Federal Rules of Civil

Procedure and Appendix K, particularly to the extent the Form of Production purports to call for the creation of metadata, indices, or other information that does not currently exist. Intellicorp further objects to this Form of Production as vague and ambiguous to the extent it purports to impose production specifications that conflict with those requested in Form of Production 2. Intellicorp will produce ESI in accordance with the requirements of the Federal Rules of Civil Procedure and Appendix K.

2. Intellicorp objects to Form of Production 2 as unduly burdensome and oppressive to the extent it imposes requirements in addition to or different from those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K to the Local Civil Rules of the United States District Court for the Northern District of Ohio, including to the extent it calls for the production of a "Summation load file," and purports to require the production of ESI in formats that differ from those specified in Appendix K, or in a specific manner. Intellicorp further objects to this Form of Production as vague and ambiguous to the extent it purports to impose production specifications that conflict with those requested in Form of Production 1. Intellicorp will produce ESI in accordance with the requirements of the Federal Rules of Civil Procedure and Appendix K.

3. Intellicorp objects to Form of Production 3 as unduly burdensome and oppressive to the extent it imposes requirements in addition to or different from those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K to the Local Civil Rules of the United States District Court for the Northern District of Ohio, including because it purports to require Intellicorp to identify all ESI that is not ready accessible and describe its nature and contents.

4.      Intellicorp objects to Form of Production 4 as unduly burdensome and oppressive to the extent it imposes requirements in addition to or different from those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K to the Local Civil Rules of the United States District Court for the Northern District of Ohio, including because it purports to require Intellicorp to "clearly label" produced documents "as to which Request they are responsive" to; to identify the documents "responsive to multiple Requests;" and to produce "DOCUMENTS IDENTIFIED in YOUR responses to *specific* interrogatories" separately from "DOCUMENTS IDENTIFIED in YOUR responses to a group of interrogatories."

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

REQUEST NO. 33:

Documents sufficient to show the IDENTITY all CONSUMERS who have been the subject of any CRIMINAL BACKGROUND REPORT performed by YOU on behalf of an employer since April 16, 2007, and whose CRIMINAL BACKGROUND REPORT included any ADVERSE INFORMATION or otherwise indicated that criminal public record information exists.

RESPONSE TO REQUEST NO. 33:

Intellicorp objects to this Request on the ground that it purports to require the disclosure of material protected by any applicable privilege, immunity or law (including, but not limited to, laws such as the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act) which prohibit or limit disclosure of the confidential information of individual consumers. Intellicorp also objects to Request No. 33 because it is overbroad, unduly burdensome, and oppressive, and seeks detailed information regarding more than one million consumers that is neither relevant to claims or defenses in the case nor

reasonably calculated to lead to the discovery of admissible evidence. Intellicorp further objects to this Request as unduly burdensome and oppressive because it is duplicative of previously served discovery requests, including Special Interrogatory No. 2 and Request for Admission Nos. 8, 9, and 10. Intellicorp objects to this Request as premature in light of the fact that the requested information could be relevant – if at all – only if a class is certified.

Date: January 7, 2012

Respectfully submitted,

/s/ David H. Wallace
David H. Wallace (0037210)
dwallace@taftlaw.com
Gregory J. O'Brien (0063441)
gobrien@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Phone: (216) 241-2838
Fax: (216) 241-3707

Joel M. Cohen *(admitted pro hac vice)*
joel.cohen@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
Fax: (212) 701-5800

*Counsel for Defendant Intellicorp Records, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of January, 2013, via electronic mail upon the following:

Nance F. Becker
nance@chavezgertler.com
Christian Schreiber
christian@chavezgertler.com
Chavez & Gertler LLP
42 Miller Ave.
Mill Valley, CA 94941
Counsel for Plaintiff

Devin H. Fok
devin@devinfoklaw.com
The Law Offices of Devin H. Fok
P.O. Box 7165
Alhambra, CA 91802-7165
Counsel for Plaintiff

Joshua E. Kim
joshua@anewwayoflife.org
A New Way Of Life Reentry Project
958 E. 108th Street
Los Angeles, CA 90059
Counsel for Plaintiff

/s/ Michael J. Zbiegien, Jr.
Counsel for Defendant