# EXHIBIT X

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, | ) Case No. 1:09CV00800 ) ) |
| Plaintiff, | ) ) ) Judge Dan Aaron Polster |
| vs. | ) ) |
| VITRAN EXPRESS, INC., | ) ORDER ) |
| Defendant. | ) ) ) |

Before the court is Plaintiff Thomas E. Hall's Motion for Leave to File Amended Complaint (**Doc #: 24**). Defendant Vitran Express Inc. has opposed the Motion. (Doc #: 25) For the reasons discussed, *infra*, Plaintiff's Motion is **GRANTED**.

Plaintiff's complaint alleges seven violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, on behalf of himself and others similarly situated, in connection with Defendant obtaining and using criminal background reports as a precondition to employment.[1] (Doc #: 6.) Plaintiff's first amended complaint confines the class period to the two years prior to commencement of litigation on April 7, 2009. On September 30, 2009, the Court entered a case management plan setting a March 1, 2010 deadline for amending pleadings

---

[1] Plaintiff also alleges an individual defamation claim.

and adding parties, an October 1, 2010 deadline for discovery and a November 1, 2010 deadline for dispositive motions. (Doc #: 13.)

On October 5, 2010, Plaintiff filed the instant Motion, seeking to amend his class complaint to extend the class period from two years prior to commencement of litigation to five years prior to commencement of litigation. Plaintiff represents that his Motion is based on his discovery, through review of Vitran application files from early 2007 through December 2009, that those who applied for jobs with Vitran from April 7, 2004 to April 7, 2007 are unaware that Vitran violated their rights under the FCRA.

An FCRA claim may be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation ...; or (2) 5 years after the date on which the violation ... occurs." 15 U.S.C. §1681p. Plaintiff seeks to extend the class period to five years to include applicants who are without knowledge that a violation occurred. Defendant argues that Plaintiff's Motion should be denied on three grounds. First, the Motion is untimely because the deadline for amending the complaint was March 1, 2010, and Plaintiff does not have good cause for the delay in amending the complaint. Second, the Motion is prejudicial because discovery has ended and the dispositive motion deadline is imminent; and (3) the Motion is futile because USIS, the consumer reporting agency, provided notice to the applicants that Vitran had obtained copies of their consumer report, provided the applicants the results of the consumer reports, enclosed the consumer report for review, and provided the applicant contact information.

Under Federal Rule of Civil Procedure 16(b)(4) a scheduling order "may be modified only for good cause ..." "The primary measure of Rule 16's good cause requirements standard is the moving party's diligence in attempting to meet the case management order's

requirements." *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks and citations omitted). Here, Plaintiff has demonstrated sufficient diligence in attempting to comply with the pleading deadlines. Vitran produced approximately 99% of the relevant application files to Plaintiff on February 4, 2010, and furnished the remaining files on March 10, 2010. (Doc #: 25 at 2.) Given that Plaintiff was not even provided all the relevant files until after the deadline to amend pleading, and that analysis of the files is necessary to determine whether extension of the class period to five years is appropriate, Plaintiff has shown good cause for moving to amend his complaint after the relevant deadline.

Along with good cause, the Court "should also consider possible prejudice to the party opposing the modification" of the Court ordered schedule. *Andretti*, 426 F.3d at 830. Defendant argues that it will be prejudiced by an amended complaint because discovery has finished, the dispositive motion deadline is days away and the Court has scheduled a settlement conference for November 30, 2010. However, amending the complaint to include a five-year class period rather than a two-year class period should not prejudice Defendant, as Defendant will likely not require any new discovery, the settlement conference is still more than a month away, and few, if any, new summary judgment issues are raised by an amending the class period.

Moreover, any potential prejudice to Defendant is outweighed by the admonition of Federal Rule of Civil Procedure 15(a)(2) that "[t]he court should freely give leave [to amend pleading] when justice so requires." Should the amendment be denied, those individuals who applied for employment between April 7, 2004 and April 7, 2007, would be precluded from the class, even though they may have a cause of action against Defendant. Thus, these putative class members are more likely to be prejudiced if the amendment is denied than Defendant will be if

-3-

the amendment is granted. Recognizing that the dispositive motion deadline is imminent, however, the Court will freely grant Defendant leave to extend such deadline upon filing of a motion.

Finally, Defendant argues that amendment is futile because the limitations period has expired for those putative class members who applied for employment between April 7, 2004 and April 7, 2007. Specifically, Defendant argues that because the USIS notice informed applicants that Vitran had obtained copies of their consumer report, provided the results of the consumer report, enclosed the report to the applicants, and provided contact information for further information, the applicants Plaintiff seeks to add had already discovered Defendant's FCRA violations. As the statute of limitations is two years for those who have discovered an FCRA violation, these putative class members have no cause of action.

However, simply because these applicants were provided certain information by USIS about their consumer report, does not mean that they had notice of Vitran's violations of the FCRA. The critical issue in this litigation is whether Vitran met its obligations under the FCRA. USIS providing certain information to consumers does not demonstrate that Vitran met its obligations. Accordingly, amendment of the complaint would not be futile.

For the reasons discussed, *supra*, Plaintiff's Motion for Leave to File Amended Complaint (**Doc #: 24**) is hereby GRANTED.

**IT IS SO ORDERED.**

/s/Dan Aaron Polster    10/28/10
Dan Aaron Polster
United States District Judge