UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLICORP RECORDS, INC., an Ohio corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: 1:12-CV-02288-JG<br><br>Judge: James S. Gwin<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE IN DEFENDANT'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION** |

Plaintiff hereby objects to and asks the Court to decline to consider paragraphs 15 through 31 of the Declaration of David Garrett (ECF Doc. No. 83-1) submitted by Defendant Intellicorp Records, Inc. in opposition to Plaintiff's motion for class certification.  The objectionable evidence consists of expert opinion that Mr. Garrett is not entitled to offer because he has not been designated as an expert witness in this case. Further, there is no evidence that Mr. Garrett has the qualifications, experience and expertise necessary for him to render expert opinions on the subjects at issue.

1

I. **Because Mr. Garrett Has Not Been Designated As An Expert Witness, His Testimony Must Be Excluded**

Intellicorp served its Designation of Expert Witnesses (Exh. V to the Reply Declaration of Nance F. Becker) on January 28, 2013.  Intellicorp designated Stuart Madnick, a Professor of Information Technology at MIT, as its "expert in databases and information technology," stating that he "may provide testimony regarding issues relating to Intellicorp's databases, including the feasibility of using any such databases to identify putative class members…."  Intellicorp also designated two potential experts in the areas of statistics and the background check industry.  Mr. Garrett was not designated as an expert witness.  That failure alone requires that the Court disregard Mr. Garrett's expert opinion testimony and not consider it in ruling on Plaintiff's motion for class certification.

Rule 37(c)(1) provides in relevant part that "[i]f a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

> The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was "harmless" or "substantially justified." [Citations.] In the absence of such a showing, case law suggests that the exclusion of non-disclosed evidence is "automatic and mandatory." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir.2004) (internal citation omitted); SPX Corp. 574 F.Supp.2d at 757.

(*Saint Gobain Autover USA, Inc. v. Xinyi Glass North America, Inc.*, 2009 WL 3321404 (N.D. Ohio 2009)).  This exclusionary remedy "puts teeth" into Rule 26.  (*See Vaughn v. City of Lebanon*, 18 F. App'x 252, 263 (6th Cir. 2001); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).)

As the Sixth Circuit has held, "the [test] for exclusion of […] evidence under Rule 37(c) […] is very simple:  the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."

2

(*Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357 (6th Cir. 2010) (internal citation omitted).) Notably, "the burden to prove harmlessness or substantial justification rests on the potentially sanctioned party." (*Nathan v. Ohio State Univ.*, 2012 U.S. Dist. LEXIS 154691 at *11 (S.D. Ohio Oct. 29, 2012), citing *Roberts ex rel. Johnson v. Glen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).)

Intellicorp cannot meet that burden here. First, at the time expert designations were due, Intellicorp had already identified Mr. Garrett as its Rule 30(b)(6) designee to respond to Plaintiff's discovery about database issues, so it can hardly claim it was unaware he might be a witness in this case. Second, because Intellicorp did not inform Plaintiff Mr. Garrett would also be called as an expert, Plaintiff deposed Mr. Garrett solely as a percipient witness, and had no reason or opportunity to examine him in detail about his qualifications and experience to testify about data parsing and matching techniques – the topics about which he now purports to opine. Finally, had Defendant identified Mr. Garrett as its expert witness, the "control group" work product and attorney-client privileges restricting discovery of communications between Intellicorp and Mr. Garrett would have been narrowed to the protections afforded by Rule 26(b)(4)(C).

## II. The Objected-to Portions Of Mr. Garrett's Declaration Contain Opinion, Not Factual, Testimony

The portions of the Garrett Declaration to which Plaintiff objects are opinion, not factual, testimony. Under Fed.R.Civ.Proc. Rule 701(c), "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the wintess's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge…." Here, Mr. Garrett is not testifying about facts or perceptions concerning Intellicorp's business practices, about anything that Intellicorp has done, or even about what Intellicorp intends to do; he is testifying about what he

3

believes Intellicorp theoretically *could* or *should* do to identify class members.  For example, he testifies about how much data would have to be migrated and how much time that would take (¶ 16); to his "opinion" that it would require "significant" testing that any algorithms are accurate (¶ 17); that it "would be possible to run" certain searches but not others (¶18); to what is or is not "reasonably feasible" (¶21); and to a number of other asserted technological obstacles that reflect his personal analysis of the capabilities of Intellicorp's systems (¶¶ 19, 20, 21).  He also attempts directly to refute the properly-offered expert opinions of Plaintiff's expert Henk Valk (¶¶ 22-30), stating he disagrees with Mr. Valk's "conclusions," "opinion" and "estimates."   (¶¶ 22, 28, 29, 30).

### III.     Intellicorp Fails To Establish That Mr. Garrett Has Expertise To Opine About The Subjects Of His Declaration, And His Opinion Testimony Should Be Excluded On That Basis As Well

Plaintiff has no intent to disparage Mr. Garrett's qualifications to perform his job at Intellicorp.  However, the opinions offered in Mr. Garrett's declaration in opposition to Plaintiff's motion for class certification – and which are intended to attempt rebuttal of an actually disclosed and qualified expert witness (Mr. Valk) – go far afield of the areas in which Mr. Garrett testified he has expertise, and are beyond his job functions at Intellicorp.   Such testimony is not sufficiently reliable to be admitted.  As this district held in *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 847-48 (N.D. Ohio 2004):

> [A] court should "exclude proffered expert testimony if the subject of the testimony lies outside the witness's area of expertise." 4 Weinstein's Fed. Evid. § 702.06[1], at 702–52 (2000). In other words, a party cannot qualify as an expert generally by showing that the expert has specialized knowledge or training which would qualify him or her to opine on some other issue. *Redman v. John D. Brush & Co.,* 111 F.3d 1174, 1179 (4th Cir.1997); *Barrett v. Atl. Richfield Co.,* 95 F.3d 375, 382 (5th Cir.1996).
>
> Moreover, testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury. *McGowan v. Cooper Indus., Inc.,* 863 F.2d 1266, 1273 (6th Cir.1987); [Add'l citations omitted.]

4

The sole information Intellicorp has provided to the Court regarding Mr. Garrett's qualifications is in paragraph 1of his Declaration, which identifies him as Intellicorp's "Vice President of Information Technology," and paragraph 2, which states in relevant part:

> I oversee the development and delivery of our internally developed software.  I am familiar with the operation of Intellicorp's transactional database, also known as Hercules.  I am also familiar with how Intellicorp fulfills client requests for criminal background information by querying Intellicorp's instant criminal database.

There is no evidence that Mr. Garrett has formal training as a computer programmer, or that he has significant experience with the data integration, data analysis, data modeling, or Extract-Transfer-Load (ETL) architecture.  (Garrett Dep. [Pltf. Reply Exh. Y] 15:13-16:24.)   Although Mr. Garrett attests he "oversees the development and delivery of our internally developed software," such applications specifically exclude "any application [that] is developed by the … dataloading team," which is headed by Senior Database Analyst Jeffrey Simenc (Simenc Dep. [Pltf. Mot. Exh.I], 14:5-8).   Mr. Simenc's group, not the data applications group, is responsible for collecting and downloading public record information, and is responsible for the ETL programs and other tools used to parse the criminal record information that is input into Intellicorp's databases.  (Garrett Dep. 17:16-19 [Mr. Garrett "was not involved in the development of any software put together by the data loading team"]; 9:7-18 [same]; 18:7-19:2 ["The data loading team primarily creates mapping.  I guess "scripts" would probably be the best word for it, to load data."]; *see* Simenc Dep. [Pltf. Mot. Exh.I], 14:5-8, 104:17-20.)  Mr. Simenc does not report directly to Mr. Garrett, he reports to Larry Mecklenberg. (Simenc Dep. 14:15-18.)   Not surprisingly, given his job functions, Mr. Garrett testified that he is only familiar with Intellicorp's ETL platform ("Pervasive) in "very general terms."  (Garrett Dep. 18:25-19:2.)  Yet, the time estimates offered in his Declaration (¶ 30) are based entirely on his alleged understanding of the capabilities of that platform.

Another critical component in making a time and feasibility estimate is text parsing and matching. Intellicorp submits no evidence Mr. Garrett is experienced in this regard. Yet, Mr. Garrett's unsupported opinions about the alleged difficulty of parsing and matching XML test is the basis of Intellicorp's argument against the feasibility and "superiority" of a class action. (*See* Garrett Decl. ¶¶ 17-21, 26-30.)

### III. Conclusion

For the foregoing reasons, the Court should decline to consider Mr. Garrett's opinion testimony regarding the alleged limitations of the data for purposes of identifying the members of the class, along with his critique of Plaintiff's expert Henk Valk's opinions. In the absence of such evidence, the Court should conclude that the class is identifiable based on Mr. Valk's declarations, and should grant Plaintiff's motion for class certification.

DATED: March 18, 2013     CHAVEZ & GERTLER LLP

By:     */s/ Nance F. Becker*
Nance F. Becker (Cal. Bar # 99292)
   (admitted *pro hac vice*)
CHAVEZ & GERTLER LLP
42 Miller Ave.
Mill Valley, CA 94941
Phone: (415) 381-5599
Fax: (415) 381-5572
nance@chavezgertler.com
Attorneys for Plaintiff and the Proposed Class

*Additional Attorneys for Plaintiff JANE ROE and the Proposed Class:*

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (Cal. Bar #256599) (admitted *pro hac vice*)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

6

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (Cal Bar #257260) (admitted *pro hac vice*)
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org


COHEN ROSENTHAL & KRAMER LLP
Jason R. Bristol (Ohio Bar #0072989)
Joshua R. Cohen (Ohio Bar #0032368)
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
Phone: (216) 781-7956
Fax: (216) 781-8061
jbristol@crklaw.com; jcohen@crklaw.com

LEONARD A. BENNETT
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com