## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## FOR THE EASTERN DIVISION

| | | |
|---|---|---|
| **JANE ROE, individually and on behalf of all others similarly situated,** | ) ) ) ) | **CASE NO. 1:12CV2288** |
| | ) | **JUDGE JAMES S. GWIN** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **DEFENDANT INTELLICORP RECORDS, INC.'S MOTION TO COMPEL PRODUCTION OF** |
| **INTELLICORP RECORDS, INC.,** *et al.*, | ) ) ) ) | **CALIFORNIA COURT FORMS IMPROPERLY WITHHELD FROM PRODUCTION** |
| **Defendants.** | ) | |

### INTRODUCTION

Defendant Intellicorp Records, Inc. moves this Court under Federal Civil Rule 37 for an order compelling Plaintiff Jane Roe to produce documents, including Plaintiff's request to waive court fees (the "Request"[1]), that Plaintiff has identified as "California Judicial Council forms completed and filed in connection with Plaintiff's petition to dismiss specified charges"—the very petition at the heart of her claim in this case. Plaintiff has withheld the forms claiming that they are privileged from disclosure under California Rules of Court Rule 3.54.[2]  But California Rule 3.54 does not create any such privilege; it merely requires California court personnel to maintain the documents' confidentiality.  Furthermore, Rule 3.54 permits Plaintiff to authorize Intellicorp to access the documents, which Plaintiff would be doing by producing the documents here. Moreover, Rule 3.54 also permits access to the documents via a court order, and

---

[1] A blank copy of the Request form is Exhibit 1 to the Declaration of Gina Caruso in Support of Motion to Compel ("Caruso Decl."), which is attached hereto as Exhibit A.

[2] Correspondence with Plaintiff's council regarding the Request are Exhibits 2-6 of the Caruso Decl.

Plaintiff's counsel has stated that "[s]hould you decide to seek the court's order to access the application . . . I will not oppose it."  (Caruso Decl. Ex. 4.)

## ARGUMENT

Federal Civil Rule 26(b)(1) permits parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Discovery is relevant under Rule 26 if it "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Here, depending on the basis for her request for a fee waiver, Questions 8 and 9 on the Request required Plaintiff to disclose certain information regarding her monthly income and her household income.   For example, Question 8 requires:

[Caruso Decl. Ex. 1.]

Plaintiff has previously provided false testimony to this Court regarding her income; thus, the Request is discoverable as a matter useful for impeachment.  (Caruso Decl.  ¶ 8; *see also* 8 Wright & Miller, Fed. Practice & Proc. § 2015 ("Information showing that a

person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action.")

Plaintiff has not disputed the relevancy of the Request, but rather has contended that the Request is privileged under California Rule 3.54.  Contrary to Plaintiff's contentions, however, California Rule 3.54 creates no such privilege.  California Rule 3.54(a) states:

> (a) Confidential records
>
> No person may have access to an application for an initial fee waiver except the court and authorized court personnel, any person authorized by the applicant, and any persons authorized by order of the court.  No person may reveal any information contained in the application except as authorized by law or order of the court.

Notably, this Rule does not speak in terms of privilege, but rather refers to "Confidential records."  As such, this Rule dictates that California court personnel must keep applications for fee waivers confidential.  It does not provide a basis for a party to refuse to produce the documents in subsequent litigation.  On the contrary, the Rule permits an application to be accessed by "any person authorized by the applicant," and by producing the Request during litigation, Plaintiff (as the applicant) would be authorizing Intellicorp to have access to the document.

Moreover, even if Rule 3.54 provided a basis for Plaintiff to withhold documents, it also allows a court to require disclosure upon a showing of good cause:

> Any person seeking access to an application for financial information provided to the court by an applicant must make the request by noticed motion, supported by a declaration showing good cause regarding why the confidential information should be released.  [Cal. R. Ct. 3.54(b).]

Here, good cause exists for this Court to order Plaintiff to produce the Request because as set forth above, the Request is relevant to Plaintiff's credibility.  (Caruso Decl. ¶ 8.)

Indeed, Plaintiff's counsel has stated that he would not oppose a motion for a court order requiring access to the Request.  (*Id*. Ex. 4, p. 2.)  The motion to compel should therefore be granted for this reason as well.

**CONCLUSION**

For the foregoing reasons, this Court should compel Plaintiff to produce the Request and any other California Judicial Council forms completed and filed in connection with her petition to dismiss specified charges that she has withheld.

Date:  April 1, 2013                    Respectfully submitted,

   */s/ David H. Wallace*
David H. Wallace (0037210)
dwallace@taftlaw.com
Gregory J. O'Brien (0063441)
gobrien@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH  44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

Joel M. Cohen (pro hac vice)
joel.cohen@davispolk.com
Gina Caruso (pro hac vice)
gina.caruso@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Telephone: 212.450.4000
Facsimile: 212. 701.5800

Attorneys for Defendant
Intellicorp Records, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013, a true and correct copy of the foregoing document was filed electronically.  Notification of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ David H. Wallace*
One of the Attorneys for Defendant

72461624