UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>vs.<br>INTELLICORP RECORDS, INC., an Ohio corporation, and DOES 1-50, inclusive,<br><br>              Defendant. | Case No.: 1:12-CV-02288-JG<br><br>Judge: James S. Gwin<br><br>**PLAINTIFF'S REPLY TO INTELLICORP'S OPPOSITION TO MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>**Referred to Magistrate Judge Greg White** |

      Despite filing an overly-lengthy brief, Intellicorp has failed to demonstrate any good reason for its continued refusal to produce the consumer complaints and electronic data that Plaintiff has requested. In particular, Intellicorp fails to show why the restrictive protective orders that Plaintiff has proposed are insufficient, and it does not claim that production would be burdensome. To the extent that Intellicorp argues the discovery should await the Court's ruling on class certification, that argument should be rejected given this Court's fast track scheduling policies, which include a discovery cutoff date of June 17, 2013 and trial one month later.

**I.    THE DISCOVERY AT ISSUE IS DIRECTLY RELEVANT TO THE MERITS**

      Intellicorp inconsistently claims that the information Plaintiff seeks is pertinent only to class certification, so that the motion is too late, and that the information is only relevant if the

1

Court certifies the case as a class action, in which case the discovery is premature.  Neither of those contentions is correct.

> **A.** **Consumer Complaints**

Complaints from consumers are directly relevant to establishing (1) that Intellicorp had notice the database used to produce Criminal SuperSearch ("CSS") reports does not reliably generate accurate criminal background reports, and (2) that Intellicorp's procedures are in fact unreasonable, both of which are elements of Plaintiff's claims.  Intellicorp disputes relevance because the number of complaints is relatively small compared to the total number of background reports it furnished.  Three thousand complaints is, to the contrary, a significant number.  Further, the raw numbers do not tell the whole story.  If, for example, a large portion of complaints are from individuals like Ms. Roe whose expunged records were wrongly reported because Intellicorp omitted disposition information, or are from counties whose bulk information does not include other core criteria, that information will support Plaintiff's case.  That "only" a few thousand consumers complained is equally probative of the obstacles individuals face in understanding the requirements of the FCRA and obtaining legal advice, as it is of Intellicorp's contrary claim it shows "most" consumers were satisfied.  Consumer complaints, moreover, bear on the integrity of Intellicorp's procedures.

Further, individuals who noted problems with their reports are percipient witnesses whose identity Plaintiff is entitled to discover under Federal Rule of Civil Procedure 26 even if this were not a class action.  While such consumers could well serve as potential additional class representatives – and while Plaintiff's counsel did mention that as one of the reasons the discovery was propounded – that is an *additional* reason why the complaints are relevant, not a reason to deny the motion to compel.  The disclosure of the consumer complaints (and the names and contact information of potential class members who complained) is clearly relevant to the claims and defenses in this action and will lead to the discovery of admissible evidence.  This type of information is routinely ordered where the identities of such witnesses bear on the issues in the case:  "The disclosure of names, addresses, and telephone numbers is a common practice

2

in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011), *citing Currie–White v. Blockbuster, Inc.,* 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010); *see also Nash v. City of Oakwood, Ohio*, 90 F.R.D. 633, 636 (S.D. Ohio 1981) (ordering disclosure of class contact information in a Title VII case); *Babbitt v. Albertson's Inc.,* 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992); *Putnam v. Eli Lilly & Co.,* 508 F.Supp.2d 812, 814 (C.D. Cal.2007).[1]

### B. Electronic Data

Intellicorp formally responded to Plaintiff's Third Request for Production of Documents on April 1, 2013. (Becker Reply Decl. ¶ 2 and Exh. G.) It produced documents pertaining solely to the named Plaintiff (requests 34 and 35) but objected to producing any of the requested electronic data pertaining to other consumers with respect to whom Intellicorp furnished criminal background reports on the grounds of relevance and privacy (request 36). (*Ibid.*)

The electronic data files that Plaintiff seeks are, like the consumer complaints, relevant to more than "only" the need to ascertain the class, although that is an important issue. Plaintiff is confident the Court will conclude the class members are identifiable based on the evidence and argument submitted in support of class certification. However, the task of actually conducting the identification remains, and Plaintiff and her database expert Henk Valk are entitled to an opportunity to analyze the data to offer their views on precisely how to do it, and to ensure that it is accurately done, as well as to enable Mr. Valk to finalize his expert report.

---

[1] Courts have ordered disclosure of class member contact information pursuant to Fed. R. Civ. P. 26 (for discovery) and/or Fed. R. Civ. P. 23 (for notice) for a variety of reasons and under a variety of legal claims. *See*, *e.g.*, *Wiegele v. Fedex Ground Package System*, No. 06–CV–01330–JM(POR), 2007 WL 628041 (S.D. Cal. Feb.8, 2007) (ordering production of putative class members' names and addresses in wage and hour case); *Kane v. Nat'l Action Fin. Services, Inc.*, CIV.A. 11-11505, 2012 WL 1658643 (E.D. Mich. May 11, 2012) (case alleging violations of the Fair Debt Collection Practices Act and Telephone Consumer Protection Act); *Hoving v. Transnation Title Ins. Co.*, 2:07-CV-15322, 2009 WL 56034 (E.D. Mich. Jan. 8, 2009) (consumer class action);*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 & n. 13, 354, n. 20 (1978) (putative class members' names and addresses may be obtained under Rule 23(d)); *Chateau de Ville Prod., Inc. v. Tams–Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2nd Cir.1978) (civil antitrust action); *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972) (civil rights injunctive relief class action); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn.1980) (employment discrimination).

In addition, an examination of how Intellicorp parses the bulk data it receives and translates it into consumer reports is directly relevant to demonstrating how and why the defendant's procedures are unreasonable and fail to result in maximally accurate background reporting.  As the party with the ultimate burden of proof, it will be up to Plaintiff to present that information to the Court.

It is, finally, unfair and inaccurate for Intellicorp to characterize Plaintiff's legitimate discovery efforts as a "fishing expedition."  The electronic data requested represents about 5% of the 5 million criminal background reports Intellicorp furnished during the approximate class period.  The data pertains to reports that Intellicorp has *already identified* as including both a CSS and a subsequent Single County Criminal search   The discovery is narrowly tailored under the circumstances, and should be compelled.

## II.  THE DISCOVERY WILL NOT JEOPARDIZE THE PRIVACY INTERESTS OF ANY CONSUMER

Plaintiff's opening memorandum establishes that there is no statutory impediment to the Court's granting this motion, and that a court order would fully protect Intellicorp against any hypothetical claim that it violated the FCRA or the Gramm-Leach-Bliley Act.[2]  Apart from that weak argument, Intellicorp makes no showing that the privacy rights alleged to be at issue override the presumption in favor of discovery of relevant information.

First, the criminal background information Intellicorp purveys is *already generally available to the public.*  Unlike, for example, a credit report, which may contain information about financial matters and transactions known only to the consumer and his/her creditor or business associates, criminal background reports are limited to information already available in public filings.

Second, Plaintiff has proposed and already agreed to protective measures that will ensure the identifying information in the reports is not disclosed or utilized for any improper or intrusive

---

[2] Plaintiff continues to dispute that Gramm-Leach-Bliley applies.  As Intellicorp concedes (Opp. Memo. p. 4), that Act concerns financial information acquired from credit bureaus, and such information is not at issue here.  That Intellicorp may be subject to the Act *in other circumstances* does not mean it can use the Act to avoid its discovery obligations in this case.

4

purpose – including being filed in the public record in this case.[3] These are the same measures that Plaintiff has accepted for herself. As to the electronic data, Plaintiff has offered to undertake even more restrictive procedures to ensure the security of the data. (Becker Reply Decl. ¶ 3.) Intellicorp has declined to negotiate such an agreement pending the Court's ruling on this motion. (*Ibid*.)

### III. INTELLICORP'S PRODUCT RECOMMENDATION SETTINGS

Subsequent to the filing of this Motion, Intellicorp informed Plaintiff that it had previously produced a 70-page, untitled document containing a list of the jurisdictions where the bulk data used by Intellicorp to generate CSS reports is deficient. (The document was included among 27,000 pages of un-indexed documents, and Intellicorp's deponent was unable to identify it during her deposition.) Plaintiff therefore withdraws that portion of her Motion to Compel.

Respectfully submitted,

Dated:  April 15, 2013

CHAVEZ & GERTLER LLP
THE LAW OFFICES OF DEVIN H. FOK
A NEW WAY OF LIFE REENTRY PROJECT
COHEN ROSENTHAL & KRAMER LLP
CONSUMER LITIGATION ASSOCIATES PC

By:   */s/ Nance F. Becker*
Nance F. Becker
Mark A. Chavez
Paul F. Bland
Christian Schreiber
    (all admitted *pro hac vice*)

CHAVEZ & GERTLER LLP
42 Miller Ave.
Mill Valley, CA 94941
Phone: (415) 381-5599
Fax: (415) 381-5572
nance@chavezgertler.com
mark@chavezgertler.com
paul@chavezgertler.com
christian@chavezgertler.com

*Attorneys for Plaintiff and the Proposed Class*

---

[3] The parties have discussed the possibility of redacting identifying information but are in agreement that redaction is not a viable option in this case. (Becker Reply Decl. ¶ 3.)

*Additional Attorneys for Plaintiff JANE ROE and the Proposed Class:*

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (admitted *pro hac vice*)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (admitted *pro hac vice*)
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

COHEN ROSENTHAL & KRAMER LLP
Jason R. Bristol (Ohio Bar #0072989)
Joshua R. Cohen (Ohio Bar #0032368)
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
Phone: (216) 781-7956
Fax: (216) 781-8061
jbristol@crklaw.com
jcohen@crklaw.com

LEONARD A. BENNETT
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 15, 2013 a copy of the foregoing **PLAINTIFF'S REPLY MEMEORANDUM IN SUPPORT OF MOTION TO COMPEL** and supporting Reply Declaration was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.


DATED: April 15, 2013                                */s/ Nance F. Becker*
                                                    Nance F. Becker (Cal. Bar # 99292)
                                                        (admitted *pro hac vice*)
                                                    CHAVEZ & GERTLER LLP