UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　vs.<br>INTELLICORP RECORDS, INC., an Ohio corporation, and DOES 1-50, inclusive,<br><br>　　　　　　Defendant. | Case No.: 1:12-CV-02288-JG<br><br>Judge: James S. Gwin<br><br>**DECLARATION OF NANCE F. BECKER IN SUPPORT OF PLAINTIFF'S REPLY TO INTELLICORP'S OPPOSITION TO MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** |

I, Nance F. Becker, declare:

　　　1.　　I am an attorney admitted to practice before all courts of the State of California and I have been admitted *pro hac vice* to represent Plaintiff Jane Roe in this action.  I have personal knowledge of the matters stated below, and if called upon to do so I could testify competently to them.

　　　2.　　On April 1, 2013, Intellicorp formally responded to Plaintiff's Third Request for Production of Documents.  Intellicorp produced documents pertaining solely to the named Plaintiff (requests 34 and 35) but objected to producing any of the requested electronic data pertaining to other consumers with respect to whom Intellicorp furnished criminal background

reports on the grounds of relevance and privacy (request 36).  A true and correct copy of Intellicorp's written responses is attached as Exhibit G hereto.

3. Following receipt of the responses and objections, on April 4, 2013, my co-counsel Mr. Kim and I telephoned Intellicorp's counsel Ms. Caruso and Ms. Elbert to meet and and confer about the responses.  In the course of our conversation, we explained the additional protective measures Plaintiff's counsel and experts would be willing to take to protect any electronic data produced by Intellicorp and any personal information pertaining to consumers – proposals that had also been broached in prior meet and confer.  For example, access to the data would be strictly limited, the data could be stored on a stand-alone server without any network or Internet connections, and the data would be securely destroyed after the litigation is concluded. We also discussed whether it might be possible to redact identifying information from the electronic consumer records, but agreed that given the volume of the documents and the effect redaction would have on the searchability of the data, redaction is not a viable alternative in this case.

4. Intellicorp's counsel expressed appreciation for and interest in the protective relief that we proposed, but stated that they would stand by their objections and wished to wait for this Court's order on Plaintiff's motion to compel before negotiating a potential protective order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed on April 15, 2013 at Mill Valley, California.

                                                         */s/ Nance F. Becker*
                                                         Nance F. Becker
                                                         (admitted *pro hac vice*)
                                                         CHAVEZ & GERTLER LLP
                                                         42 Miller Ave.
                                                         Mill Valley, CA 94941
                                                         Phone: (415) 381-5599
                                                         nance@chavezgertler.com