# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTELLICORP RECORDS, Inc., an Ohio corporation,<br><br>Defendant. | Case No.: 1:12-cv-02288-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Greg White<br><br>**Defendant Intellicorp Records, Inc.'s Objections and Responses to Plaintiff's Document Request Dated March 15, 2013** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Intellicorp Records, Inc. ("Intellicorp") submits these objections and responses to Plaintiff's Request for Production of Documents, dated March 15, 2013 (the "Document Request") and specifically reserves all its rights under those Rules and the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

Intellicorp's responses to the Document Request are made for the sole purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and the like, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Further, no incidental or implied admissions are intended in these responses. That Intellicorp has responded to all or any part of a Request should not be taken as an admission that Intellicorp accepts or admits the existence of any fact(s) set forth or

assumed by that Request or that Intellicorp's response constitutes admissible evidence. That Intellicorp has responded to all or any part of a Request also is not intended to be, and shall not be, a waiver by Intellicorp of all or any part of its objection(s) to that Request.

Intellicorp makes these responses without waiving its right to: (1) object to the admissibility into evidence of these responses or the documents produced; (2) object to further discovery related to subject matters already encompassed within Plaintiff's interrogatories; (3) supplement its objections in the event additional pretrial preparation results in the discovery of additional grounds for such objections; or (4) revise, correct, add to, clarify, or supplement its responses.

Intellicorp has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial.  The following responses are based upon information known at this time and are given without prejudice to Intellicorp's right to produce evidence of any subsequently discovered facts, documents or information and thus modify, change, or amend its responses given below.

## **GENERAL OBJECTIONS**

The following general objections apply to, and are hereby incorporated by reference in, each of the specific responses below.  Intellicorp's failure to repeat expressly these general objections in each response shall not be deemed to waive them. Moreover, Intellicorp's specification of one or more objections in any given response is not intended to preclude the applicability of any of the general objections.

1. Intellicorp objects to the Requests to the extent they purport to impose burdens or obligations on Intellicorp that are broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United

States District Court for the Northern District of Ohio ("Local Rules"), Appendix K to the Local Rules, the Amended Case Management Order entered on November 9, 2012, or any other applicable law.

2. Intellicorp objects to each Request to the extent it seeks, or could be construed to seek, documents or information protected from disclosure by any applicable privilege or immunity, including attorney-client privilege, attorney work product protection, the joint-defense or common-interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality.

3. Intellicorp objects to each Request to the extent it is overbroad, unduly burdensome, or oppressive.

4. Intellicorp objects to each Request to the extent it seeks documents and/or information that is not relevant to any claim or defense of any party in this action, not relevant to the subject matter involved in this litigation, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Intellicorp objects to each Request to the extent it is vague, ambiguous, contains terms that are insufficiently defined, or fails to describe the information sought with reasonable particularity as required by Federal Rule of Civil Procedure 34(b)(1)(A).

6. Intellicorp objects to each Request to the extent it fails to specify any time limitation or is otherwise overly broad in temporal scope on the grounds that such areas of inquiry and requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding and objecting to the Requests, Intellicorp interprets "present" to

mean October 18, 2012, the date on which Plaintiff served its initial Requests on Intellicorp.

7. Intellicorp objects to each Request to the extent it seeks documents and/or information which are not in Intellicorp's possession, custody, or control.

8. Intellicorp objects to the Requests to the extent they seek the production of proprietary, commercially sensitive or other confidential information, the disclosure of which would cause competitive injury to Intellicorp.

9. Intellicorp objects to the Requests on the grounds that they were served after February 11, 2013, the cutoff for class discovery as set forth in the Court's Amended Case Management Order dated November 9, 2012 (ECF No. 64).

10. Any statement by Intellicorp that it will produce documents in response to an individual Request should not be construed as an admission that Intellicorp in fact has such documents in its possession, custody, or control.  Nor is it an admission that Intellicorp believes such documents exist or that the documents are relevant, material, authentic, or otherwise admissible.  Rather, such a statement merely reflects Intellicorp's intention to conduct a reasonable, good faith search of all locations where such documents might be found.

## OBJECTIONS TO "FORM OF PRODUCTION"

Intellicorp objects to the portion of the Requests styled as "Form of Production" instructions as unduly burdensome and oppressive to the extent they impose requirements in addition to or different from those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K to the Local Civil Rules of the United States District Court for the Northern District of Ohio, including to the extent they require electronic documents to be produced in "NATIVE FORMAT."  Intellicorp also

4

objects to the Form of Production instructions to the extent they call for the production of "all 'METADATA' associated with applications that created the documents." These requests exceed the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure and Appendix K, particularly to the extent the Form of Production instructions purports to call for the creation of metadata, indices, "summation load files," or other information that does not currently exist.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

REQUEST NO. 34:

Provide in a plain text file (.TXT) the data stored in column "Result XML" of table "OrderResults" in database "MasterSearch" on YOUR "Hercules" database and inserted into the database as a result of the search order on the named Plaintiff that BrightStar placed on or about October 20, 2011.

RESPONSE TO REQUEST NO. 34:

Intellicorp repeats and restates its General Objections to Request No. 34. Intellicorp further objects to Request No. 34 on the ground that it calls for production in "plain text," which imposes burdens upon the Defendant that exceed those contemplated by Appendix K.

Subject to and without waiving the above general or specific objections, Intellicorp will conduct a reasonable search of its files and produce non-privileged documents responsive to Request No. 34.

REQUEST NO. 35:

Provide in a plain text file (.TXT) the data stored in column "Result XML" of table "OrderResults" in database "MasterSearch" on YOUR "Hercules" database and inserted

into the database as a result of the search order on the named Plaintiff that ComForcare placed on or about March 10, 2011.

RESPONSE TO REQUEST NO. 35:

Intellicorp repeats and restates its General Objections to Request No. 35. Intellicorp further objects to Request No. 35 on the ground that it calls for production in "plain text," which imposes burdens upon the Defendant that exceed those contemplated by Appendix K.

Subject to and without waiving the above general or specific objections, Intellicorp will conduct a reasonable search of its files and produce non-privileged documents responsive to Request No. 35.

REQUEST NO. 36:

For all CONSUMERS with respect to whom YOU furnished for employment purposes both a Criminal SuperSearch and a Single County Criminal report, and with respect to whom the Criminal SuperSearch reported criminal history results, provide in a native Microsoft SQL file format (.MDF): all data stored in the table "OrderResults" in the database "MasterSearch;" all associated data in the table "OrderDetails" in database "MasterSearch;" and all data in the table Products in database "IntelliCorpProd;" from YOUR Hercules database.

For purposes of this Request, Plaintiff has no objection to the documents being redacted to remove identifying information about the CONSUMER to whom the data relates. Plaintiff is willing to meet and confer about the most appropriate way to effect the redaction.

RESPONSE TO REQUEST NO. 36:

Intellicorp repeats and restates its General Objections to Request No. 36.

Intellicorp further objects to Request No. 36 on the ground that producing the requested documents would require Intellicorp to provide information that is confidential and protected by state and federal consumer privacy laws, including but not limited to the Fair Credit Reporting Act, 15 U.S.C. § 1681b and the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809.  While Request No. 36 states that Plaintiff "has no objection to the documents being redacted," redacting these more than 250,000 documents would be immensely burdensome.  Redaction would require more than simply shielding the name of each individual consumer.  As Jane Roe has argued in this case with respect to her own confidential information, a criminal background report can have identifying information that goes beyond the name of the individual.  This could include information such as social security numbers, dates of birth, current and former addresses, criminal case numbers and courts, among other potentially identifying details.  Each report would have to be individually reviewed, evaluated, and redacted.  That could take months, and would involve extraordinary expense.  Plaintiff cannot reasonably take the position that the privacy interests of 250,000 non-parties are less deserving of protection than her own, particularly given that these hundreds of thousands of non-parties may or may not have any idea that this case exists, let alone that it might lead to the disclosure of their confidential information.  Unlike Plaintiff, these non-parties (even assuming they ultimately become absent class members) will have no mechanism to assert rights with respect to the relevance of this information, whether the redactions are sufficient, or whether the terms of any protective order in this case—and no such order yet exists to cover this information—would be sufficient to

7

protect their interests.  In response to the suggestion contained in Plaintiff's Request, Intellicorp is willing to meet and confer in good faith to determine whether there is a reasonable and appropriate way to resolve the foregoing objections.

Intellicorp also objects to Request No. 36 because it purports to require the production of a portion of Intellicorp's proprietary and commercially sensitive database without a protective order.

Intellicorp further objects to Request No. 36 on the grounds that the information sought is not relevant to any party's claim or defense.  No class has been certified.  Jane Roe is the only plaintiff.  Information with respect to 250,000 non-parties has no relevance to this case at this time.  To the extent plaintiff seeks this information in support of her motion for class certification, the request is not timely.  The deadline for class discovery, as set forth in this Court's Amended Case Management Order dated November 9, 2012, was on February 11, 2013, and Plaintiff's motion for class certification has been fully briefed.  To the extent Plaintiff intends to use this information to try to identify actual class members, there is no need to do so at this time.  No class has been certified and, accordingly, this Request is premature, and given the private and commercially-sensitive nature of the information sought, unwarranted.

Intellicorp also objects to Request No. 36 to the extent it requires production in "native Microsoft SQL file format (.MDF)" which imposes burdens upon Defendants that exceed those contemplated by Appendix K.

Date: April 1, 2013                           Respectfully submitted,

/s/ Gina Caruso
Joel M. Cohen *(admitted pro hac vice)*
joel.cohen@davispolk.com
Gina Caruso (*admitted pro hac vice*)
gina.caruso@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
Fax: (212) 701-5800

David H. Wallace (0037210)
dwallace@taftlaw.com
Gregory J. O'Brien (0063441)
gobrien@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Phone: (216) 241-2838
Fax: (216) 241-3707

*Counsel for Defendant Intellicorp Records, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of April, 2013, via electronic mail upon the following:

Nance F. Becker
nance@chavezgertler.com
Christian Schreiber
christian@chavezgertler.com
Chavez & Gertler LLP
Counsel for Plaintiff

Devin H. Fok
devin@devinfoklaw.com
The Law Offices of Devin H. Fok
Counsel for Plaintiff

Joshua E. Kim
joshua@anewwayoflife.org
A New Way Of Life Reentry Project
Counsel for Plaintiff

Jason R. Bristol
Joshua R. Cohen
jbristol@crklaw.com
jcohen@crklaw.com
Counsel for Plaintiff

Leonard A. Bennett
lenbennett@clalegal.com
Consumer Litigation Associates, P.C.
Counsel for Plaintiff

/s/ Lauren Howard Elbert
Counsel for Defendant