UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE ROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLICORP RECORDS, INC., an Ohio corporation,<br><br>Defendant. | Case No. 1:12-CV-02288-JG<br><br>**ORDER** |

Having considered the briefs and arguments of the parties in support of and opposition to Plaintiff's Motion to Compel Further Discovery, it is hereby ORDERED:

Plaintiff's motion is granted to the following extent, and subject to the terms set forth herein.

*Consumer Complaints*

1. Defendant shall produce the documents requested in Plaintiff's Request for Production of Documents, request 10, subject to the conditions set forth in paragraphs 3 through 8 below. Defendant shall produce, on a rolling basis, unredacted copies of all consumer complaints responsive to Plaintiff's request for production. Defendant's production shall be

1

completed no later than July 8, 2013.

*Putative Class Member Electronic Records*

2.      Defendant shall produce a random and unredacted sample of the documents requested in Plaintiff's Request for Production of Documents, request 36, equal to one percent (1%) of the approximately 252,000 electronic records identified by Defendant as responsive to this request, but excluding search results from searches other than Criminal SuperSearch, Single County Criminal Search or Criminal Case Update, subject to the conditions set forth in paragraphs 3 through 8 below.  Within two (2) business days of this Order being entered, the parties shall agree to a protocol for the procedure by which the random sample will be generated, and subject to confirmation by Plaintiff that the sample has been generated in conformance with the parties' agreement and this Order.  Defendant's production shall be completed no later than July 8, 2013.

*Confidentiality and Data Security Protocols*

3.      The parties shall redact the name, birthdate, social security number, criminal case numbers, and any other descriptive information from which the identity of any individual consumer may readily be ascertained, from any document that they may publicly file with the Court in this action.  If necessary for the Court's understanding of the issues, the filing party shall lodge unredacted copies of such documents with the Court pursuant to Local Rule 5.2. All references to Intellicorp's consumers in public Court filings shall be solely by a pseudonym.

4.      Documents or identifying information about consumers shall be kept strictly confidential, and not disclosed to any person except the attorneys, legal staff, and experts representing the parties in this action.

5. Plaintiff and Plaintiff's attorneys, legal staff, and experts shall use documents or identifying information about consumers solely for the purposes of this litigation, <u>Roe v. Intellicorp Records, Inc.</u>, 12 Civ. 2288 (N.D. Ohio).

6. In the event that either party believes an exception is warranted for any reason, that party shall notify the other party's counsel of the documents and information the party desires to file or share, so as to give the other party's counsel reasonable time to move for a protective order.

7. In order to ensure the personally-identifying information contained in the consumer complaints and in the random sample data remains secure and does not inadvertently fall into the hands of unauthorized parties, Plaintiff shall use a dedicated computer to store and analyze the random sample of electronic records, and another dedicated computer to store and analyze consumer complaint information produced by Intellicorp pursuant to Paragraphs 1 and 2. The two dedicated computers shall have no connection to any network, wired or wireless. The computers shall be password-protected at both the BIOS and operating system level. Upon a determination by Plaintiff's counsel that any individual identified in the consumer complaints or in the random sample data meets the definition of the putative class, the consumer complaints and random sample data will no longer be required to be maintained on the dedicated computer, but will still be subject to the protections set forth in Paragraphs 3 through 6, above.

8. Within 90 days after the final disposition of this case, including any appeals, all dedicated storage media under Plaintiff's control that contain documents and information produced pursuant to Paragraphs 1 and 2 shall be completely written over 3 times with zero ("0"), and all copies of such documents and information (if any) shall be returned to Defendant

or destroyed. If a storage medium is not writable, the medium shall be physically destroyed. This paragraph does not require Plaintiff's counsel to destroy or delete any documents or storage media they are required to keep as part of their record of this case.

9. Intellicorp and its attorneys, legal staff, and experts may also use the documents specified in paragraphs 1 and 2 above for the purposes of this litigation, Roe v. Intellicorp Records, Inc., 12 Civ. 2288 (N.D. Ohio), subject to the conditions set forth in paragraphs 3, 4, and 6, above.

**SO ORDERED.**

Dated: \_\_6/19/2013_____

s/Greg White_____
The Honorable Greg White
United States Magistrate Judge