IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JANE ROE,** *et al.*, **individually and on behalf of all others similarly situated**,<br><br>Plaintiffs,<br><br>v.<br><br><br>**INTELLICORP RECORDS, INC.,** *et al.*,<br><br>Defendants. | CASE NO. 1:12-cv-02288<br><br>UNITED STATES DISTRICT JUDGE JAMES S. GWIN |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO SETTLEMENT CLASS REPRESENTATIVES**

This matter having come before the Court on May 23, 2014, upon the Plaintiffs' and Defendants' Joint Motion for Final Approval of the Class Action Settlement, as well as Class Counsel's Petition for An Award of Attorneys' Fees and Costs And Class Representative Service Awards, and upon review and consideration of the Settlement Agreement and Release dated October 26, 2013 (the "Settlement Stipulation"), the exhibits to the Settlement Stipulation, the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, and due and adequate notice of the Settlement having been given, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. On November 25, 2013, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things,

    (i)    consolidated for purposes of settlement *Roe v. Intellicorp Records, Inc.* (Case No.: 1:12-CV-02288-JG), *Johnson v. Insurance Information Exchange, LLC* (Case No 2:13-CV-00616-JG), and *Thomas, et al. v. Intellicorp Records, Inc.* (Case No. 1:12-CV-02443-JG) (collectively, the "Actions");

    (ii)    preliminarily certified a Settlement Class solely for purposes of the Settlement, defined as "all natural persons residing in the United States who were the subject of one or more consumer reports furnished to a third party by Intellicorp or IIX, for employment purposes, which report(s) contained an Intellicorp Criminal SuperSearch result reflecting a record of criminal or traffic arrest or conviction or other criminal history, during the period April 16, 2010 through September 16, 2013";

    (iii)    preliminarily approved the Settlement;

    (iv)    appointed Jane Roe, Mark A. Johnson and Michael R. Thomas as the Class Representatives; and

    (v)    appointed Class Counsel.

2. The Settlement Stipulation is hereby incorporated by reference into this Final Judgment and Order. Capitalized terms in this Final Judgment and Order shall, unless otherwise defined, have the same meaning as in the Settlement Stipulation.

3. The Court has jurisdiction over the subject matter of the Actions and over all parties to the Settlement, including all Settlement Class Members.

4. Pursuant to FED. R. CIV. P. 23(b)(3), this Final Judgment and Order constitutes a final order certifying the Settlement Class solely for purposes of the Settlement. The Court finds that the applicable prerequisites for class action treatment under FED. R. CIV. P. 23 are satisfied, namely:

    a. The Settlement Class Members are so numerous that joinder of all of them is impracticable;

    b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

    c. The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

    d. The Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

  5. Pursuant to FED. R. CIV. P. 23, this Final Judgment and Order constitutes a final order certifying Plaintiffs Jane Roe, Mark A. Johnson and Michael R. Thomas as the Class Representatives and Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C.; Ian B. Lyngklip of Lyngklip & Associates Consumer Law Center, PLC; Jonathan E. Gertler, Nance F. Becker, F. Paul Bland and Christian Schreiber of Chavez & Gertler LLP; Devin H. Fok of the Law Offices of Devin H. Fok; Joshua E. Kim of A New Way Of Life Reentry Project; Jason R. Bristol of Cohen, Rosenthal & Kramer; and Matthew A. Dooley and Anthony R. Pecora of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA as Settlement Class Counsel.

  6. Pursuant to FED. R. CIV. P. 23(e), the Settlement, as embodied in the terms of the Settlement Stipulation, is hereby finally approved as fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this action, and is in the best interests of the Settlement Class Members. The Court considered, among other things, the benefits of the Settlement to the Settlement Class Members; the risk, complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and the limited amount of any potential total recovery for the Settlement Class. The Court finds that the Settlement set forth in the Settlement Stipulation is the result of arms'-length negotiations between experienced counsel representing the interests of the Plaintiffs, the Settlement Class Members, and the Defendants.

Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms.

7. Dissemination of the class action notices to Settlement Class Members in conformity with this Court's Preliminary Approval Order satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Settlement Class Members of their rights.

8. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed Settlement on the United States Attorney General and the Attorneys General of all 50 states.

9. This Final Judgment and Order and the Settlement Stipulation are binding on all Settlement Class Members, except those individuals identified in the Opt-Out List attached as Exhibit H to the Declaration of the Settlement Administrator, who validly and timely excluded themselves from the Settlement Class.

10. The Class Representatives and each of the Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Stipulation. Pursuant to the release contained in the Settlement Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Judgment and Order.

11. The Actions and all claims asserted therein, as well as all Released Claims, are hereby dismissed with prejudice in all respects. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

12. From the Gross Settlement Amount, the Court awards $5,000,000 as attorneys' fees to Settlement Class Counsel.  Class Counsel's request for attorneys' fees represents approximately 26.88% of the $18.6 million common fund, which is reasonable given the factors to be considered. Specifically, the cash and non-cash benefits of the Settlement represent a valuable benefit to Class

Members; the amount of attorneys' fees is appropriate in light of the public policy encouraging attorneys' to take on cases that have high societal value; Class Counsel took on this litigation on a contingency basis; Class Counsel's lodestar demonstrates that the litigation and Settlement required thousands of hours of work, and a lodestar crosscheck confirms the reasonableness of the fee award; the litigation was highly complex; and the skill and professional standing of Class Counsel in achieving the settlement was of the highest quality.

13.  From the Gross Settlement Amount, the Court awards $177,131 as reimbursable attorneys' costs to Settlement Class Counsel.

14.  From the Gross Settlement Amount, the Class Representatives shall receive Service Awards in the following amounts: $10,000.00 to Jane Roe; $5,000.00 to Michael R. Thomas; and $5,000.00 to Mark A. Johnson.

15.  Neither the Settlement Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Settlement Stipulation or the Settlement contained therein. Defendants and/or the other Released Parties may file the Settlement Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.  Without affecting the finality of this Final Judgment and Order in any way, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Actions and/or the Settlement Stipulation, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the Settlement and this Final Judgment and Order.

17. This Final Judgment and Order is a final judgment in the Actions as to all claims asserted. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of the judgment as set forth herein.

18. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulation or the Effective Date does not occur, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and shall be vacated.

**IT IS SO ORDERED.**

DATED: June 5, 2014             s/ James S. Gwin
                                JUDGE JAMES S. GWIN
                                UNITED STATES DISTRICT COURT JUDGE